339 So.2d 529 (1976)
Paul GUILLORY
v.
Thelma Mitchell, wife of Paul GUILLORY.
No. 7675.
Court of Appeal of Louisiana, Fourth Circuit.
November 16, 1976.
*530 Edward J. Guise, III and William W. Rosen, New Orleans, for defendant-appellant.
Before SAMUEL, STOULIG and SCHOTT, JJ.
SAMUEL, Judge.
This appeal, by the wife in a divorce suit, is limited to a requested increase in the amount awarded as a fee for her attorney. The judgment appealed from dismissed the husband's suit for a divorce, awarded the wife a divorce on her reconventional demand, and awarded the attorneys for both litigants $500 each out of the assets of the community.
Apparently due to a loss of notes by the court reporter, the record before us is incomplete. It does not contain a transcript of the testimony taken at the trial on the merits, nor does it contain any information relative to the community or the value thereof. Insofar as the same is pertinent to the issue presented, the record contains only the pleadings, the judgments, and the testimony of appellant's attorney regarding his fee as that testimony was reconstructed by the reporter from a statement made to him by that attorney. There is no objection to the reconstructed testimony and the plaintiff husband has made no appearance in this court.
From the pleadings and judgments, we are able to ascertain that appellant's attorney filed an answer and a reconventional demand, obtained an injunction restraining *531 the husband from disposing of community property, obtained an order permitting the wife to proceed in forma pauperis, requested a subpoena duces tecum for various documents to determine the assets and income of the husband, prepared a rule to show cause to fix permanent alimony, prepared a trial memorandum at the request of the court, and was present at the trial of the matter of the merits. He also arranged a consent judgment with the husband's attorney whereby the wife received alimony pendente lite in the amount of $55 per week, a $25 per month payment on her doctor's bill, and continued payments on a note secured by mortgage on her New Orleans residence.
The reconstructed testimony of appellant's attorney establishes that, not including trial time, he spent twenty-three hours, fifty minutes on this case, and his usual fee at that time was $50 per hour. The record contains no showing of the time spent at the trial.
Since the case of Gosserand v. Monteleone,[1] our jurisprudence consistently has been that attorney's fees incurred by the wife in prosecuting a suit for separation from bed and board or divorce is an obligation of the community which, whether she is successful or not, must be paid out of the community assets on a quantum meruit basis; but if there are no community assets, there is no liability on the part of the husband separately for such fees.[2] Insofar as the community is concerned, as the employment of counsel by the wife is a quasi contract (Civil Code Arts. 2292, 2293 and 2294), under Civil Code Art. 1934(3)[3] the trial judge is vested with "much discretion" in determining what is a proper fee in quantum meruit and his determination ordinarily will not be disturbed.[4]
While we agree that the number of hours spend by attorney is a factor to be considered,[5] this alone does not determine the fee. The factors most often considered in a determination of the fee to be awarded an attorney on the basis of quantum meruit are: (1) the ultimate result obtained; (2) responsibility incurred; (3) the importance of the litigation; (4) the amount involved; (5) the extent and character of the labor performed; (6) the legal knowledge and attainment and skill of the attorney; (7) the number of appearances made; (8) the intricacies of the facts and law involved; (9) the diligence and skill of counsel; (10) the court's own knowledge; and (11) the ability of the party liable to pay.[6]
In the present case, based solely on what the incomplete record does show, we are satisfied the fee of appellant's attorney clearly must be increased. While it is true that one of the important factors, the ability of the party liable to pay (here the community), cannot be considered because we have no information relative to the value of the community, the importance of that factor is substantially mitigated by the fact that the community's liability is limited to the amount of the value of its assets. On a quantum meruit basis and on the showing made by the record before us, we are of the opinion the fee of the wife's attorney should be increased from $500 to $1,250.
For the reasons assigned, the judgment appealed from is amended only insofar as to increase the award for an attorney's fee for the wife's attorney, William W. Rosen, from the amount of $500 to the amount of $1,250, which fee is payable by the community of acquets and gains formerly existing between the litigants.
AMENDED.
NOTES
[1] 164 La. 397, 113 So. 889.
[2] Succession of Butler, La., 294 So.2d 512; Tanner v. Tanner, 229 La. 399, 86 So.2d 80.
[3] In pertinent part LSA-C.C. Art. 1934(3) reads:

"In the assessment of damages under this rule, as well as in cases of offenses, quasi offenses, and quasi contracts, much discretion must be left to the judge or jury,"
[4] Succession of Butler, supra, footnote 2.
[5] See Smith v. West Side Transit Line, Inc., La.App., 313 So.2d 371.
[6] Contingent Fee Contracts, 24 La.Bar Journal 107, 114, (Sept., 1976), and cases cited therein.