BOUTALL, Judge.
This is a suit for collection of monies owed under a continuing guaranty agreement after default of the principal debtor.
The facts are as follows: First Funds, Inc. borrowed approximately $800,000 through a revolving loan and security agreement from Firstmark Rediscount Corporation in May of 1974. In September of 1974, First Progressive Bank, appellee herein, lent money to First Funds through a participation agreement with Firstmark Re-discount in the amount of $250,000. In connection with this transaction, continuing guaranty agreements in favor of the bank were executed by Donald Burke, John Cres-pino, Charles Mannina, and David Verret, all defendants and appellants herein. The balance owed to the bank was subsequently reduced to $203,000 by a later participation certificate and a payment of $10,000.
In December of 1976, a complaint was filed in Federal District Court by Firstmark Rediscount Corporation for the purpose of appointing a receiver to take possession of the assets of First Funds and related companies, and judgment was obtained against certain guarantors of First Funds. In January of 1977, this suit was filed by First Progressive Bank against the guarantors of First Funds named above to collect the balance due. After trial on the merits, judgment was rendered in favor of the bank in the amount of $203,000 plus interest.[1]
Appellants take this appeal contending that the bank did not carry its burden of proof as to the validity of the signatures, the balance and interest due on the claim, and the date upon which the interest became due. The bank answers the appeal praying for an increase in the judgment in that their petition in the trial court asked for attorney’s fees of 20%, but the judgment contained no award for attorney’s fees.
Appellants introduced no evidence at the trial. They did not testify, nor did any witnesses testify in their behalf. On the other hand, the bank introduced testimony *1204 of the bank president, the chairman of the board and one board member. The continuing guaranty agreements complete with signatures were placed in evidence along with the participation agreement. In view of this, the argument by the appellants that since none of the witnesses actually saw appellants sign the documents (with the exception of David Verret) the bank has not borne its burden of proof, is not worthy of lengthy discussion. The bank has obviously prevailed on this point by a preponderance of the evidence.
As to the interest and balance due, there is testimony in the record by bank witnesses as to the interest rate and the balance due under this agreement. This testimony is uncontradicted. This court cannot hold that a judgment based on un-eontradicted evidence is manifestly erroneous. Likewise, appellants argue in brief that no advancement of funds was shown by the bank. The testimony of the Chairman of the Board that the bank lent the money and the introduction of the participation agreement is uncontradicted evidence and the trial judge was correct in granting judgment in favor of the bank.
The only issue remaining is with regard to attorney’s fees. We note that no testimony was given at the trial to support either the right to attorney’s fees or the amount of fees which should be awarded. We feel, however, that the agreements provide for attorney’s fees. Paragraph 14 of the Revolving Loan Agreement reads as follows:
“14. EXPENSES, PROCEEDS OF COLLATERAL. The Borrower shall pay to the Secured Party on demand any and all expenses, including reasonable attorney fees, incurred or paid by the Secured Party in protecting or enforcing its rights upon or under Obligations or Collateral or this agreement. After deducting all of said expenses the residue of any proceeds or collection or sale of Obligations or Collateral shall be applied to the payment of principal or interest on Obligations in such order of preference as the Secured Party may determine, proper allowance for interest on Obligations not then due being made, and any excess shall be returned to the Borrower and the Borrower shall remain liable for any deficiency.”
The continuing guaranty agreements provide in pertinent part:
“ * * * I hereby give this continuing guaranty to the said FIRST PROGRESSIVE BANK of Metairie, Louisiana, hereinafter referred to as the Bank, its transferees or assigns, for the payment in full together with interest, fees and charges of whatsoever nature and kind * *
These agreements provide for the award of “reasonable attorney’s fees”. When there is no evidence as to the reasonableness of the fees, this court may fix the fee without express evidence on the point. Jones v. Bryant, 283 So.2d 307 (La.App. 4th Cir. 1973). In computing the fee, several factors must be considered including the amount involved, the number of hours worked, and the ability of the party to pay. See Guillory v. Guillory, 339 So.2d 529 (La. App. 4th Cir. 1976). Appellee has asked for 20% of the judgment, but we feel that 10% is the proper award in this case absent the showing that a greater fee is required under the factors listed in Guillory.
For the above reasons, the judgment appealed from is amended to include attorney’s fees in the amount of 10% and affirmed.

AMENDED AND AFFIRMED.

. It must be noted that in February of 1977, First Funds was adjudged to be a bankrupt and a trustee in bankruptcy was appointed who is presently administering the assets of First Funds. It is admitted that all sums collected by the bank from the administration must be credited to the judgment of the trial court.