372 So.2d 234 (1979)
STATE of Louisiana, Through the DEPARTMENT OF HIGHWAYS
v.
John W. FRABBIELE, et ux.
No. 10122.
Court of Appeal of Louisiana, Fourth Circuit.
May 4, 1979.
Johnie E. Branch, Jr., Bryan Miller, Dept. of Transp. & Dev., Baton Rouge, for plaintiffs-appellants.
Harold E. Kytle, Kenner, for defendants-appellees.
Before GULOTTA, BOUTALL and SCHOTT, JJ.
GULOTTA, Judge.
The Louisiana Highway Department in this expropriation suit appealing, claims that the amount of the severance damages and attorney fees awarded to defendant are excessive.
The property subject of this suit, owned by defendant, is located in the City of Kenner, fronting on the northside of Veterans Highway commencing approximately 400 feet west of the intersection of Veterans Highway and Williams Blvd. and measures 280 feet front on Veterans Highway by an approximate depth of 555 feet, more or less, and an approximate width in the rear of 280 feet. The entire parent tract measured 153,155.8 square feet. The part of defendant's land expropriated measures 79,200.8 square feet and commences from the western boundary of defendant's land and runs 100.04 feet in an easterly direction fronting on Veterans Highway. The remaining portion of defendant's land contains 73,955 square feet with a frontage of 178.96 feet on Veterans Highway and a depth of approximately 555 feet on its eastern boundary.
The entire western boundary of defendant's property, to the rear, was taken and the eastern boundary of the land expropriated runs to the rear of defendant's property but widens to a point where the rear of the remaining property forms a triangle with the western leg in the rear of defendant's property forming a convex hypotenuse. (See appendix). The property taken was used by the Highway Department in the construction of an overhead ramp connecting Interstate-10 with the New Orleans International Airport (Moisant).
The Highway Department filed the expropriation proceedings on February 17, *235 1977 and on that date deposited in the Registry of the Court, $240,266.00. The trial judge ordered the Highway Department to pay defendant an additional sum of $303,634.00 plus $8,000.00 for expert fees and $75,908.00 for attorney fees.
In written reasons for judgment the trial judge explained that based on a valuation of $5.00 per square foot immediately before the taking, the value of the land expropriated amounted to $396,000.00. Based on a $2.00 per square foot diminution in value to the remainder caused by the expropriation, the trial judge awarded $147,900.00 in severance damages. According to the trial judge, the total value of the property taken plus damages, amounted to $543,900.00. Subtracting the amount deposited from the total award left a balance due defendant in the sum of $303,634.00.
The Highway Department does not contest the value placed on the property prior to the taking, i. e., $5.00 per square foot, and accordingly, finds no error in the amount awarded for the property taken. However, the Department contends that the taking did not result in a reduction in value of the remaining property and claims the trial judge manifestly erred in awarding $147,900.00 in severance damages. In connection with the award for attorney fees, the Highway Department claims the award in excess of $75,000.00 was made without any evidence to support the award.
LSA-R.S. 48:453, which became effective on October 1, 1976 and deals with the measure of compensation to be awarded in expropriation cases, provides:
"A. The measure of compensation for the property expropriated is determined as of the time the estimated compensation was deposited into the registry of the court, without considering any change in value caused by the proposed improvement for which the property is taken.
B. The measure of damages, if any, to the defendant's remaining property is determined on a basis of immediately before and immediately after the taking, taking into consideration the effects of the completion of the project in the manner proposed or planned.
C. The owner shall be compensated to the full extent of his loss.
D. The defendant shall present his evidence of value first.
E. Reasonable attorney fees may be awarded by the court if the amount of the compensation deposited in the registry of the court is less than the amount of compensation awarded in the judgment. Such attorney fees in no event shall exceed 25% of the difference between the award and the amount deposited in the registry of the court."
Six appraisers testified in this matter. Three appraisers were produced by the Highway Department and three testified on behalf of defendant.
Jack Evans, one of the Department's appraisers, stated that based on other comparables in the area, he valued the property immediately before the taking at $3.00 per square foot. This appraiser found no severance damages. Max Derbes, another of the Department's appraisers, valued the property before the taking at $2.90 per square foot and after the taking $2.65 per square foot, resulting in an evaluation of $18,582.00 in severance damages. The last Department appraiser, Irvington Eppling, valued the property before the taking, as did Evans, at $3.00 per square foot. Eppling valued the front regularly shaped part of the property, after the taking, at $3.00 per square foot but valued the irregular rear part of the property at $.75 per square foot resulting in severance damages in the amount of $24,299.00.
On the other hand, Franklin Rodriguez, a defendant appraiser, based on an evaluation before the taking of $6.80 per square foot, computed severance damages at $322,351.00. John Sykes, another of defendant's appraisers, valued the property before the taking at $5.14 per square foot. According to this expert, the front regular part of the *236 remaining property was reduced in value after the taking to the extent of 50% and the rear irregularly shaped part of the remaining property at a 100% loss in value.
The final defendant appraiser, Angus Eason, relied upon by the trial judge in his reasons for judgment, placed an evaluation on the property before the taking at $5.00 per square foot, and after the taking $3.00 per square foot. In the well thought out reasons of the trial judge he stated, in pertinent part:
"The Court accepts the value of $5.00 per square foot for this property prior to the expropriation or a total value of the land of $765,775.00.
The Court finds that the remaining land has been damaged and has an estimated market value of $3.00 per square foot. Factors considered in determining these damages are the proximity to the unsightly elevated ramp; the noise, vibrations, fumes and debris to which the remainder will be exposed because of the traffic on the ramp; the loss of access to Connecticut Avenue; loss of definite boundaries; and loss of size and irregularity of shape of the remainder of the property. No special benefits as a result of this project have accrued to the owner of the remaining parcel of land." (Cases cited.)
We are in agreement with the result reached by the trial judge on severance damages and the reasons assigned by him for those damages.
We find no merit to the Department's contention that because a comparable parcel of property on the southside and fronting on Veterans Highway directly across the highway from defendant's property was sold eight months after the expropriation at $6.50 per square foot, defendant's remaining property did not suffer any diminution in value as a result of the expropriation.
It is true, as pointed out by the Department, that the sale of the property directly across Veterans Highway from the subject property was sold for $6.50 per square foot approximately eight months after this suit was filed and the deposit was made in the Registry of the Court. However, the comparable relied on by the Department is markedly different from the remainder of the defendant's property. In the first place, although fronting on Veterans Highway directly across from the defendant's property, this comparable is favored by two side streets which afford access to the property not only from Veterans but from side streets. The comparable is bounded on the east side by Delaware Street and on the west side by a service road running adjacent to the lower expressway ramp as it runs toward the airport. The comparable has access either from Veterans Highway or Delaware Street or from the Connecticut Street service road. On the other hand, the defendant property has access only from Veterans Highway.
Furthermore, as pointed out by the trial judge, because of the irregular shape of the defendant's remaining property, the unsightly elevated ramp carrying traffic immediately adjacent to the remaining defendant property, the loss of size of the defendant tract (which, to some extent, reduces the possibility of commercial development), and the loss of access to Connecticut Avenue, (which had been dedicated but not developed before the expropriation), we are persuaded that defendant's remaining property is considerably less in value than the comparable relied upon by the Department.
Accordingly, we conclude as did the trial judge, that the value of the remaining property was materially reduced and find no error in the trial court's diminution of the remaining property to the extent of $2.00 per square foot. Therefore, we affirm that part of the judgment on severance damages as determined by the trial judge.
Now turning to a consideration of the award of attorney fees, we conclude that the record does not support the $75,908.00 award.
*237 LSA-R.S. 48:453 provides in pertinent part:
"(e) Reasonable attorney fees may be awarded by the court if the amount of the compensation deposited in the registry of the court is less than the amount of compensation awarded in the judgment. Such attorney fees in no event shall exceed 25% of the difference between the award and the amount deposited in the registry of the court."
The attorney's fee as determined by the trial judge amounts to 25% of the difference between the total award and the amount deposited in the Registry of the Court. The statute does not provide for 25% of the difference but provides that the attorney's fee shall not exceed 25% of the difference. In the instant case, the record does not contain any evidence relating to the effort extended, the amount of time involved, or any other evidence which would form the basis for a conclusion that the $75,908.00 award is reasonable. Because of this lack of evidence, we cannot determine whether the $75,908.00 award is reasonable or whether or not the amount should be reduced. Faced with this dilemma we are compelled to remand the matter to the trial court for the purpose of permitting evidence to be offered in connection with the amount of the attorney's fees to be assessed.
Accordingly, that part of the amended judgment in favor of defendants, in the sum of $303,634.00, with interest[1] from February 18, 1977 until paid, and the sum of $8,000.00 for expert fees is affirmed. That part of the judgment awarding $75,908.00 for attorney's fees is annulled and set aside and the matter is remanded to the trial court solely and entirely for the purpose of permitting testimony to be offered in connection with the amount of attorney's fees to be assessed.
AFFIRMED IN PART, SET ASIDE IN PART, AND REMANDED.
*238 
*239 BOUTALL, Judge, concurring in part:
I agree with affirming the judgment on the merits, but can only concur in the remand to fix attorney's fees.
R.S. 48:453(e) provides for reasonable attorney's fees which shall not exceed 25% of the difference between the award and the amount deposited. The trial judge set the fees at 25% of the difference. Because of the amount of the difference, $303,634, the attorney's fees of $75,908 appear to be excessive and the majority would remand for evidence upon which the trial judge may set some amount.
In numerous cases, our courts have set attorney's fees without requiring an exact measure of proof, and in some cases have used a percentage formula where it seemed justified. See for just one example, State Dept. of Highways v. Johnson, 341 So.2d 12, (La.App. 3rd Cir. 1977) where the appellate court set slightly less than the 25% specified in R.S. 48:453(e).
In the case of Guillory v. Guillory, 339 So.2d 529 (La.App. 4th Cir. 1976) this court set out a number of factors that may be considered in arriving at proper attorney's fees. Counsel for Frabbiele has argued to us that his services meet the standards therein enumerated and justify the fee set. The problem is that there are no facts in the record to show that he has indeed met those standards.
Based upon the general proposition that the trial judge was familiar with the case and could estimate the work involved, that he was aware of the skill and qualification of the attorney and the intricacies of the case, the result achieved and the amount involved, the judge could have concluded that 25% was a reasonable fee. Assuming the facts argued in appellee's brief, I would vote to affirm the judgment.
I note the recent case of State, through the Department of Highways v. Constant, et al., 369 So.2d 699, (La.1979) in which the Supreme Court increased the award to the landowner and affirmed a trial court award of 25% of the amount of difference as attorneys' fees. It does not appear that the award of attorneys' fees was at issue there nor does it reflect the basis for awarding 25%. However, that case certainly does stand for the principle that the landowner be compensated to the full extent of his loss as required by Const.1974, Art. 1 § 4. R.S. 48:453(e) is a statutory recognition that attorney fees are a burden on the landowner and should be considered recoverable where the compensation offered is not the full extent of loss.
My difficulty arises simply because there are no facts in the record to support the judgment other than the result achieved and the amount awarded, not even evidence that the attorney undertook this case on a contingent fee basis. For that reason, I feel compelled to concur in remand, noting that the award of the maximum amount permissible resulting in such a large award should have additional evidence to support the reasonableness of the fee.
NOTES
[1] In the original judgment the trial court erroneously awarded interest not only on the judgment in favor of plaintiff but on the expert and attorney's fees awarded, however, the error was corrected in an amended judgment. [See following illustration on p. 238]