391 So.2d 1364 (1980)
STATE of Louisiana, DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT
v.
John W. FRABBIELE et ux.
No. 11352.
Court of Appeal of Louisiana, Fourth Circuit.
December 9, 1980.
William W. Irwin, Jr., Johnie E. Branch, Jr., and Robert L. Ledoux by Bryan Miller, Asst. Gen. Counsel, Baton Rouge, for plaintiff-appellant.
Harold E. Kytle, Kenner, for defendant-appellee.
Before BOUTALL, SCHOTT and CHEHARDY, JJ.
SCHOTT, Judge.
This case was previously before this court on appeal by the State of Louisiana through Department of Highways from a judgment which awarded defendant land owner the sum of $303,634 as an increase in the value of his property plus severance damages over and above the sum which the Department had deposited in the registry of the court. The judgment had also awarded attorney fees in the amount of $75,908, being 25% of the amount of the increase. See State, through Dept. of Hwys. v. Frabbiele, 372 So.2d 234 (La.App. 4th Cir. 1979). We remanded the case to the trial court because the original record did not contain evidence in support of the amount of attorney fees *1365 awarded by the court. Following trial on the remand the trial court awarded attorney fees in the amount of $75,908, and from that judgment the Department (now referred to as Department of Transportation and Development) has appealed.
The Department has raised two issues on the appeal. First, it contends that the district court exceeded its authority in deciding the amount of the fee since the remand was limited to its taking of evidence relating to the proper amount of the attorney fees. Second, the Department contends that the amount of the fee awarded is excessive.
In the earlier appeal, we were concerned with the trial court's compliance with LSA R.S. 48:453 which provides as follows:
"E. Reasonable attorney fees may be awarded by the court if the amount of the compensation deposited in the registry of the court is less than the amount of compensation awarded in the judgment. Such attorney fees in no event shall exceed 25% of the difference between the award and the amount deposited in the registry of the court."
According to this statute the trial court was vested with discretion in awarding reasonable attorney fees which could not exceed the amount which he awarded since that amount was 25% of the difference between the award and the amount deposited in the registry of the court. In our decree we annulled that part of the judgment awarding the attorney fees and ordered a remand to the trial court "solely and entirely for the purpose of permitting testimony to be offered in connection with the amount of attorney's fees to be assessed."
The Department takes the position that the trial court's function under our order of remand was in the nature of a hearing examiner who would collect evidence and simply transmit that evidence to this court for an adjudication with respect to the amount of the fee. However, this overlooks the basic distinction between the functions of the trial court and the appellate court in our system of justice. The trial court is in a position to see and hear the witnesses who testify and to evaluate their credibility and assign the proper weight to their testimony. The function of the appellate court is to determine whether the trial court has committed error in the exercise of its functions. The statute in question provides that reasonable attorney fees may be awarded by the court which implies that the trial court is vested with discretion in the matter and the function of the appellate court would be to determine if the trial court has abused that discretion. Thus, we conclude that the procedure employed by the trial court in this case was proper and he did not exceed his authority in arriving at an adjudication of the amount of attorney fees to be awarded in this case based on the evidence presented to him.
As to the amount of attorney fees awarded in this case, the trial court in his reasons for judgment referred to Guillory v. Guillory, 339 So.2d 529 (La.App. 4th Cir. 1976). Copy of his reasons for judgment is made an appendix to this opinion. The trial judge considered each of the criteria announced in the Guillory case, applying those criteria to the instant case and concluded that the maximum amount allowed by the statute was the appropriate one in this case. The record supports this conclusion and the amount of the award was within the discretion given the trial court by the statute.
Accordingly, the judgment appealed from is affirmed.
AFFIRMED.

APPENDIX

TWENTY FOURTH JUDICIAL DISTRICT COURT PARISH OF JEFFERSON STATE OF LOUISIANA
NO. 197-338 DIVISION: "C"

STATE OF LOUISIANA, DEPARTMENT OF TRANSPORTATION & DEVELOPMENT

VS.

JOHN W. FRABBIELE, ET UX

REASONS FOR JUDGMENT
The Highway Department in its opposition to the amount awarded cited Guillory v. Guillory, 339 So.2d 529, being a Fourth *1366 Circuit Court of Appeal case. On page 531 of the Guillory decision, Judge Samuels said, "While we agree that the number of hours spent by an attorney is a factor to be considered, this alone does not determine the fee. The factors most often considered in the determination of the fee to be awarded an attorney on the basis of quantum meruit are: (1) the ultimate result obtained; (2) the responsibility incurred; (3) the importance of the litigation; (4) the amount involved; and, (5) the extent and character of the labor performed; (6) the legal knowledge and attainment and skill of the attorney, the number of appearances made, the intricacies of the fact and law involved, the diligence and skill of counsel and the court's own knowledge relative to what has occurred in the case by virtue of the fact that the matter is handled before him and hears the testimony firsthand, handles all the pretrials, et cetera which gives him an insight as to what is going on and (11) the ability of the party to pay."
The award in this case was some $303,000.00 over the amount which the Highway Department had originally deposited in connection with the quick taking statute, Title 48:441 et seq. The court notes that in connection with this matter that when we talk about the guidelines set out by the Guillory case that certainly the ultimate result obtained in connection with this matter was certainly a quality performance by counsel for the landowner and in connection with the responsibility incurred certainly when we look at these matters this was a matter of tremendous importance to the landowner whose property had been taken in light of the testimony that he has given today to the effect that all of his life efforts of he and his wife were in this property. Further that the State has previously expropriated a piece of property sometime before for $160,000.00 and that when he went to buy the property back it cost him some $715,000.00.
Accordingly, there was a great responsibility on counsel for the landowner in connection with a man who has a piece of property which represents his total life's efforts and represents what this man has worked for and which in the ordinary course of things he would have but for the expropriation suit to look forward to in the remaining years of his life and his wife's life. Certainly from the facts of this case this was indicative of the amount that was involved. There is no question in the court's mind that Mr. Kytle is a skilled attorney. The record indicates that in previous years he was attorney for the City of Kenner and then served as attorney for the Parish of Jefferson where certainly in both instances he had supervision in connection with expropriation done by the City of Kenner and certainly had supervision in connection with his duties as Parish Attorney in connection with expropriations by the Parish of Jefferson.
In connection with the appearances made this is part of the total picture. The actual trial of this matter after a short pre-trial and a short lunch period lasted until 9:00 P.M. at night and of course, the court is interested in connection with that portion of the actual trial as to the quality of the work performed. There is no question that counsel had to have his own experts in this matter. The matter was an intricate portion of the case relative to the damages and there is no question that counsel had to be familiar with the actual property involved and had to be skilled in the law that applied to this case.
The court finds that counsel was diligent and was skilled.
In connection with this matter the court rendered a judgment of $75,908.00 for attorney's fees after having heard all of the testimony involved in this matter the court feels that the testimony in this case solidifies the court's original opinion and the court finds that in connection with the attorney's fees sought in this matter that there should be judgment in favor of the landowner in the amount of $75,908.00.
This court was aware of the Guillory case and the factors cited in that case to be used as a guide in establishing a reasonable fee. It is these factors that this court considered in first arriving at the fee awarded.
*1367 On remand, Mr. Martin Kelly, Mr. Cecil Burglass and Mr. Wesley Wambsgans each testified that they examined Mr. Kytle's voluminous file and the court record. Each of these three attorneys testified that they were experienced in establishing attorney's fees and each had practiced law for twenty years or more. Each attorney felt the twenty-five per cent awarded in this case was reasonable. Mr. Burglass especially convinced the court the award was reasonable and in line with cases handled in this district by local attorneys. Mr. Kytle himself testified under cross examination that he worked well over 200 hours on this case. He told of the numerous hours spent in preparation and research. Mr. Frabbiele testified he had a contingency fee contract with Mr. Kytle that called for 25% of the amount awarded in excess of the amount deposited by the Highway Department in the registry of the court. The testimony of these attorneys solidifies the court's original opinion.
The Highway Department in its memorandum of opposition filed in the Court of Appeals questioned the award because the amount was large. The court notes that had the Highway Department deposited a more reasonable amount, the attorney fees would have been much less. In fact, as in all contingency fee contracts, counsel for the landowner could have received no fee at all.
In summary, the court affirms the original award of $75,908.00. The court considers the amount reasonable. All facts were uncontroverted by the State.
GRETNA, LOUISIANA, This 27 Day of November, 1979.
 /s/ Nestor L. Currault
 JUDGE