GOTHARD, Judge.
This is an expropriation case. The state appeals the valuation of the expropriated land, and the landowners have answered the appeal, seeking additional attorney’s fees. We affirm.
Four parcels of land on the East Bank of St. James Parish were expropriated for a highway in three proceedings brought in 1977 by the State of Louisiana, Department of Transportation and Development under the “quick taking statute,” LSA-R.S. 48:441-460. The cases were consolidated for trial and on April 28, 1986 the court rendered judgment accepting the landowners’ appraiser’s value of $5,500 per acre for each parcel of land taken as against the state’s appraisal of $3,800 per acre. This appeal followed.
The three proceedings are as follows: No. 86-CA-500 (No. 12,542, 23rd J.D.C.), filed April 18,1977, for expropriation of the interest of Benjamin Dornier in Parcel 12-3, comprising 3.43 acres of a tract of 91.43 acres; No. 86-CA-501 (No. 12,632, 23rd J.D.C.), filed July 25, 1977, for expropriation of the interest of Lillian, Jules, James, Benjamin, and Claude Dornier in Parcel 12-1, comprising 9.87 acres from a tract of 678.87 acres, and Parcel 13-3, comprising 2.31 acres of a tract of 74.38 acres; and No. 86-CA-502 (No. 12,692, 23rd J.D.C.), filed September 6, 1977, for expropriation of the interest of Dennis Ory, Thelma Pitts, and Lillian, Jules, James, and Benjamin Dornier in Parcel 12-2, comprising 3.38 acres of a tract of 74.38 acres. Parcels 12-1, 12-2, and 12-3 are contiguous. Parcel 13-3 is close to the others but separated by a tract owned by another party. The court rendered separate judgments in each suit, fixing a dollar value for each taking based on a compensation value of $5,500 per acre less the amount deposited by the Department, plus interest from date of taking, attorney’s fees of $1,740, $550 expert’s fee, and costs.
The issues before us are whether the trial judge was in error in accepting the value proposed by the landowners’ expert witness and whether the judge abused his discretion in making his award of attorney’s fees. No severance damages are claimed.
We first consider the controversy over value. As stated by this court in Hospital Service Dist. No. 1 v. Guillot, 482 So.2d 765 (La.App. 5th Cir.1986), at 769:
The proper measure of compensation due a landowner is the market value of the property at the time expropriated based upon its prospective highest and best use, where that use is removed from the realm of speculation or guesswork, even though the landowner may have no plan to sell the property or so utilize it at the time of the expropriation. Pointe Coupee Elec. Mem. Corp. v. Mounger, supra [447 So.2d 1104 (La.App. 1st Cir. 1984)]....
Market value is the price that informed and willing buyers and sellers would agree to under usual and ordinary circumstances. Southwestern Elec. Power v. Scurlock, 485 So.2d 72 (La.App. 2nd Cir.1986); Southwestern Electric Power Company v. Conger, 307 So.2d 380 (La.App. 2nd Cir. 1975). As the valuation of property is a factual determination, the manifest error rule applies. Hospital Service Dist. No. 1 v. Guillot, supra.
The parties agreed that the highest and best use of the property was for industrial purposes, although it was presently under cultivation of sugar cane. Both experts, John LeJeune for the owners and L.J. Roy for the Department, used the market data approach in arriving at a value. That approach uses comparable real estate sales to form an estimate of the market value. Whether the property in a particular sale is indeed comparable to the “subject property” is usually based on the closeness in time and circumstances of the sale *73 plus location, size, and physical characteristics, proximity and location being considered absolutely essential. Dakin and Klein, Eminent Domain in Louisiana (The Bobbs-Merrill Co., Inc., 1970) section 5, in Dept. of Transp. v. C. Schexnayder, Inc., 485 So.2d 939 (La.App. 1st Cir.1986).
In his reasons for judgment the trial judge pointed out that LeJeune, the landowners’ expert, was entirely familiar with the area in which the land was located, the Cantrell Reach, a heavily industrialized area of river frontage, and knew the trend of land values and demand. Roy, the Department’s expert, was unfamiliar with the area, depended on materials furnished by the Department, and spent little time in his research, visiting the sites and checking courthouse records but not interviewing buyers or sellers of land in the area. The judge deemed Lejeune’s value to be more accurate because he made adjustments for differences between the land in comparable sales and the expropriated land in size, location, access to utilities, topography, zoning, demand, and time. Roy’s adjustments were for differences in time alone.
The record reveals that, while both men are experienced appraisers, LeJeune had been qualified in St. James Parish courts ten or twelve times before and had worked in the parish since 1962, both for condemning authorities and for landowners. Roy had never testified as an expert in St. James and admitted that he had done little appraisal in the parish. He was called in on the case on March 13, 1986, just two weeks before the hearing. The Department’s position is that Roy’s value has a sound basis in fact and reasoning, while LeJeune tended to “shoot from the hip.” Familiarity of the appraiser with an area has been given great weight; however, the trial judge is not bound to accept the experts’ values. State Department of Highways v. De Jean, 322 So.2d 265 (La. App. 2nd Cir.1975); Redevelopment Agency v. Garrett, 479 So.2d 985 (La.App. 3rd Cir.1985).
The Department evaluated the ten com-parables relied upon by LeJeune. Seven of the ten comparables were located outside the Cantrell Reach, the deep-water area which the landowners asserted made their land so valuable. Five of the seven were outside St. James Parish. Four of the ten tracts were considerably larger than the total acreage of the subject parent tracts, 919.06 acres. The dates of sales were from March 3, 1973 through April 8, 1978. The lowest price was $2,275 per acre, the highest $4,733. The only sale deemed comparable by the Department was one listed as “Jacob to Hydrocarbon” for $3,000 per acre, sold on December 18, 1974. The Jacob property was in the immediate vicinity of the subject land, of comparable size to the largest of the four tracts, although shallower; however, it did not have access to high-voltage lines and the front of the northwest corner was swamp and useless for development.
Mr. Roy chose five sales as comparables, including Jacob to Hydrocarbon. All are located in St. James Parish and four lie within the Cantrell Reach. The dates of sales are August 5, 1974 through October 13, 1976. The price per acre ranged from $2,614 per acre for the earliest sale to $3,584 per acre for the most recent. Roy testified that he applied a time adjustment of 1% per month, yielding a range of $3,477 to $3,975 per acre. To arrive at the percentage of increase he compared the two most recent sales where he found an increase of about 10% per year, and then calculated the increase from the first to the last sale, 16% per year. He then picked 12% as a figure in the middle and applied 1% per month increase to each sale up to the time of first taking of the subject lands.
The appellees argue that a simple time adjustment is inaccurate and that Lejeune’s knowledge of the real estate market in St. James Parish and his familiarity with the circumstances of the comparable sales he used made it possible for him to adjust for differences between them and the expropriated property as to desirability. The appellant complains that LeJeune provided no specifics as to the adjustments he made. The appellees’ counsel replies that the record supports his diligent investigation of *74 the circumstances of each sale; furthermore, he need not provide formulae for each adjustment. State, Dept. of Transp. & Development v. Ford, 470 So.2d 389 (La.App. 3rd Cir.1985).
The appellees argue further that Roy’s calculation of the time increase was unfair and resulted in the lowest market value. Roy used the first date of taking in making the calculation, although there was a five month span between the first and last taking. Roy admitted that the increase would have been higher if the percentage were applied to the date of the last taking.
Over the objection of the Department’s counsel, Roy recalculated the increase in his comparables using 1.5% per month as the time adjustment factor. The resulting range was $4,025 per acre to $4,440 per acre. The appellees’ witness, LeJeune, testified that the landowners’ land was considerably more valuable in 1977 than the Jacob and Malarchand property which sold a year later for $4,625 because of its access to high power lines and its usable river frontage. He stated that the purchaser, B.F. Goodrich, had been forced to buy an additional plot at $10,000 per acre in order to acquire access to high-voltage lines.
As is apparent, none of the sales proposed as comparables by the two parties is similar in all respects, particularly in terms of the time sold. However, LeJeune testified that real estate values increased dramatically between 1970 and 1980. He stated that although the rate of increase has varied over the years, no property in St. James has sold for less than its prior sales price. From his reasons for judgment it is clear that the trial judge found LeJeune’s adjustments for time and economic factors more credible than Roy’s because they were based upon years of experience in appraising real estate in the River Parish region. While this court might choose a different value, we are bound by the manifest error rule and cannot say that the finder of fact was clearly wrong and affirm the valuation of land.
Turning to the issue raised by the appel-lees, we note that LSA-R.S. 48:453(E) provides for the discretionary award of attorney’s fees, which are limited to 25% of the difference between the amount of compensation awarded in the judgment and the amount deposited the the state. In the case before us the landowners moved for a new trial, praying for additional attorney’s fees. The judge denied the motion and stated that:
These three matters were consolidated for trial. Only fair market value was at issue. This court cannot determine that more work or attention was given any particular use. Consequently, this court awarded the maximum fee for the matter No. 12542 and could find no justification to increase the fees in the remaining two matters.
The difference between the amount awarded and that deposited in St. James Parish number 12542, 5th Circuit case number 86-CA-500, is $6,860 of which 25% equals $1,715. The court inadvertently awarded $1,740, $25 more than the statute allows, and awarded an equal amount to the defendants in cases 86-CA-501 and 502. The appellees seek maximum attorney’s fees for those judgments, amounting to $8,714.81 in 86-CA-501 and $4,098.33 in 86-CA-502.
The statute states clearly that attorney’s fees may be awarded but “in no event shall exceed 25% of the difference between the award and the amount deposited in the registry of the court.” While some courts award the maximum, others award no attorney’s fees at all. Where the Department has contested a maximum award, the court has justified it by demonstrating such factors as the skill and knowledge of the attorney, his diligence, the complexity of th litigation, the amount of work involved, and the result. State, Dept. of Transp., etc. v. Frabbiele, 391 So.2d 1364 (La.App. 4th Cir.1980); Jungeblut v. Parish of Jefferson, 485 So.2d 974 (La.App. 5th Cir.1986). A recent case in which no attorney’s fees were awarded is State, Dept. of Transp. & Devel. v. Pipes, 489 So.2d 293 (La.App. 4th Cir.1986), writ refused 492 So.2d 1219 (La.1986). In addition to the land that case involved a building, a going business, and a lease, quite *75 obviously a more complex case than the one before us, where only valuation of land was at issue. The appellate court affirmed rejection of the defendant’s request for attorney’s fees, stating that the legislature had intended that the award be permissive. Accordingly, we affirm the trial court decision in this matter; however, we amend the award in case number 12,542, 23rd J.D.C. (number 86-CA-500, 5th Cir.) to correct the figure to $1,715, or 25% of the difference between the court’s award and the state’s deposits.
For the reasons stated above, the judgment appealed from is amended in part but affirmed in all other respects.
AFFIRMED IN PART, AMENDED IN PART, AND AFFIRMED AS AMENDED.