WOODARD, Judge.
This case concerns the trial court’s denial of plaintiffs request for entry upon defendant’s land.
FACTS
Plaintiff, Lake Charles Harbor & Terminal District, is interested in obtaining land owned by defendant, Phoenix Development Company, Inc., for purposes of expanding the Port of Lake Charles. However, the District has not yet made an offer or instituted expropriation proceedings. It is concerned that the property may be environmentally contaminated, and the District contends that it cannot make an accurate offer to Phoenix until it has tested the land for environmental hazards.
The District requested permission from the landowner to enter upon the land to inspect and survey the property. When permission was refused, the District filed a petition for entry upon the land and inspection of the property, citing a need to test the soil and conduct a geological and environmental audit prior to expropriating. On October 7, 1991, the trial court granted an ex parte order allowing the District 60 days “to conduct geological and environmental studies and surveys.” Phoenix filed a motion to modify the order on November 8, 1991.
A hearing on the motion was held February 20, 1992. At this time, it was discovered that representatives of the District had already been on the Phoenix property once, pursuant to the court order, to conduct a survey. The District wished to go on the land again for further testing. It is unclear whether Phoenix understood at the hearing that the District was seeking to go on the land a second time. The parties agreed to work out a stipulation to present to the court at a later date, however, no stipulation was ever agreed upon. As a result, no judgment on the motion to modify the order was ever entered.
On December 23, 1992, the District filed a rule to show cause why a judgment should not be signed, or alternatively, why the court should not issue an order compelling Phoenix to comply with a request the District made on December 9, 1992 for entry upon the land for inspection and testing. The hearing on the rule was held February 1, 1993. The trial court denied the District’s requests, finding no authority for the District to go on the land without Phoenix’s permission. The District then sought review of the trial court’s ruling by supervisory writ application. After examining the writ application, this court decided to call the case up for full review.
LAW
The issue we must decide is whether the trial court properly denied the District’s request to enter the Phoenix property for the purpose of conducting environmental tests. The District argues that these tests are necessary in order for it to make an accurate appraisal of the property.
When the state or its political corporation or subdivision wishes to obtain property, La. R.S. 19:2.2 requires it to do the following before exercising the rights of expropriation:
(1) Provide the owner whose property is to be taken with the following information *974 from its appraisal or evaluation as to the amount of compensation due the owner for the full extent of his loss:
(a) The name, address, and qualifications of the person or persons preparing the appraisal or evaluation.
(b) The amount of compensation estimated in the appraisal or evaluation.
(c) A description of the methodology used in the appraisal or evaluation.
(2) Offer to compensate the owner an amount equal to at least the lowest appraisal or evaluation.
If the landowner then disputes the value of the property, expropriation proceedings are begun and the issue for the court’s determination is the property’s true market value. La.R.S. 19:2; State, Dept. of Transp. & Dev. v. Dornier, 503 So.2d 71 (La.App. 5 Cir.1987).
In this ease, the District has conducted an appraisal, but refuses to make Phoenix an offer because the appraisal does not take into account possible environmental contamination. The District argues that it must physically go onto the Phoenix property and conduct environmental tests in order to determine the property’s true market value, citing La.C.C.P. arts. 1461-1463 as authority for the court to grant it permission for entry upon the land.
The articles cited by the District give a court authority to allow entry upon land pursuant to discovery between parties. Phoenix argues that because an expropriation suit has not yet been filed, these discovery articles do not apply. We agree.
We find the trial court has no authority to allow the District onto the Phoenix property prior to the filing of an expropriation suit. In the absence of legal authority, no one has the right to enter private property without the property owner’s permission; even for the purpose of potential expropriation.
We understand the District’s desire to obtain an accurate appraisal of the land, however, we are not convinced that the only way it can do so is by physically going onto the property. The primary tool of analysis for determining the market value of property is the study of comparable sales. State, Department of Highways v. Crow, 286 So.2d 353 (La.1973). Any environmental problems in the area will presumably be reflected in the values of comparable property that has been sold. In the event there are no comparable sales, there is nothing which indicates that an appraisal cannot take the contingent liability of possible contamination into account in determining the property’s value. Such an appraisal should provide a fair market value upon which the District can make its offer.
If Phoenix disputes the value of the land after the District has made an offer, then the fair market value of the property will be an issue to be resolved in the subsequent expropriation proceedings. At that time, the District may argue the relevant discovery articles as authority for the court to allow it on the property for environmental testing.
In light of these considerations, we affirm the order of the trial court denying the District’s request to enter upon the Phoenix property. Costs of this appeal are assessed to plaintiff-appellant, the Lake Charles Harbor & Terminal District.
AFFIRMED.
DOMENGEAUX, C.J., concurs.
SAUNDERS, J., dissents and assigns reasons.