197 So.2d 380 (1967)
Toxie E. GIVENS, Plaintiff-Appellant,
v.
SOUTHERN FARM BUREAU CASUALTY INSURANCE CO., Defendant-Appellee.
No. 10762.
Court of Appeal of Louisiana, Second Circuit.
March 22, 1967.
Rehearing Denied April 19, 1967.
Writ Refused June 6, 1967.
*381 Theus, Grisham, Davis, Leigh & Brown, Monroe, for appellant.
Cotton & Bolton, Rayville, for appellee.
Before GLADNEY, AYRES, and BOLIN, JJ.
AYRES, Judge.
This is an action upon an insurance policy wherein defendant insured, in plaintiff's favor, an International tractor "or bulldozer" which was, on May 15, 1965, destroyed by fire, one of the perils against which it was insured. Liability having been denied, this action was instituted by plaintiff to recover the value of the property as his insurable interest therein. From an adverse judgment, plaintiff prosecutes this appeal.
The defendant admitted the issuance of the policy, but asserted nonliability thereon for the reasons that: (1) plaintiff had, in the meantime, sold the machinery to Kenneth Gann without notice to the insurer; (2) plaintiff was insured as owner and not as a mortgagee or lien holder; (3) there was an intentional misrepresentation of a material fact in that, while procuring the insurance, plaintiff represented himself as the owner of the property whereas he had sold the property to Gann, which fact increased the physical and moral hazard inasmuch as Gann was not an acceptable or insurable risk; (4) plaintiff was without right to recover, whether as owner or mortgagee or because of any other insurable interest in the property, because coverage was excluded for losses occurring beyond a radius of 50 miles from the home address of the insured, if at the time of the loss the equipment was at such locality for the purpose of being used for "custom farming" or was under contract to others for a charge; and (5) defendant did not, nor did it intend to, insure Gann as owner of the property.
The record discloses these facts:
Plaintiff purchased the tractor February 27, 1963, from Contractors Equipment Co. of La., Inc., of Monroe, Louisiana, for a consideration of $39,583, $16,963 of which was paid in cash, with the remainder, $22,620, represented by a vendor's lien and chattel mortgage note. There was $8,060 due on this obligation at the time of the machinery's destruction. Plaintiff, when *382 acquiring the tractor, was engaged in land-clearing operations. This particular machinery was purchased for and used with other equipment in those operations until plaintiff suffered coronary difficulties in 1964 which forced him to discontinue work.
The property was first insured by defendant August 27, 1963, for a period of one year. During August, 1964, plaintiff and Kenneth Gann entered into a verbal agreement whereby Gann would acquire the tractor from plaintiff for a price of $19,500. This agreement was subsequently evidenced by Gann's promissory note and chattel mortgage, covering the tractor, dated August 25, 1964. On that date the insurance policy was renewed for another year beginning August 27, 1964. The premium therefor was paid by plaintiff's check of August 25, 1964.
Following Gann's agreement to purchase the machinery, Gann moved it to Avoyelles Parish where it was utilized in land-clearing operations conducted by him in a manner similar to the operations formerly conducted by plaintiff. Through a fire occurring in that locality, the tractor was destroyed. Admittedly, the work in which the tractor was being used at the time of the fire was at a location exceeding 50 miles from Mangham, Louisiana, plaintiff's address and domicile.
The question as to whether plaintiff was owner or a mortgagee of the property at the time the insurance contract was renewed and at the time of the property's destruction is related to other issues presented in defendant's defense and should be first determined. Plaintiff's position is that he did not sell the property nor did he intend to do so until the purchase price was paid. His version of the transaction thus takes on the aspects of a conditional sale which is reprobated by the laws of this State. All the circumstances essential to the perfection of a sale, such as the thing, the price, and the consent, as well as actual delivery, exist in the agreement between plaintiff and Gann. LSA-C.C. Art. 2439.
The rule is well established in the jurisprudence of this State that where all the essential elements and conditions for an absolute sale are present in a contract between parties, the effects following legally from that particular contract follow whether the parties foresaw and intended them or not, and though they may refer to the contract as a conditional sale. Thomas v. Philip Werlein, Limited, 181 La. 104, 158 So. 635 (1935); W. T. Adams Mach. Co. v. Newman, 107 La. 702, 32 So. 38 (1902); State ex rel. Buckley v. Whited & Wheless, 104 La. 125, 28 So. 922 (1900).
Thus, where an act of sale of movables consummated in Louisiana stipulates that title will not pass until the price has been paid, that condition is without effect and title passes subject to the seller's vendor's lien and chattel mortgage, if any, securing the deferred part of the purchase price. Roy O. Martin Lumber Co. v. Sinclair, 220 La. 226, 56 So.2d 240 (1951); Remington Rand v. Boliew (La.App.) 131 So.2d 835 (2d Cir. 1961); Standard Chevrolet Co. v. Federal H. & I. Mutuals (La. App.) 178 So. 642 (2d Cir. 1937).
Thus, the conclusion is inescapable that plaintiff had sold and had parted with title to the tractor at the time the insurance was renewed and at the time the loss was sustained. Plaintiff's position is, however, whether as owner or as mortgagee he had an insurable interest in the property at the time the insurance contract was entered into as well as at the time the property was destroyed. That he had such an insurable interest is conceded, and correctly so.
Plaintiff, we may observe, was the owner of the property at the time the original insurance contract was entered into. However, at the time the insurance was renewed, as well as at the time of the fire, plaintiff's interest was that of mortgagee *383 and as a holder of a vendor's lien. He thus had, as we have already pointed out, an insurable interest in the property. In this connection, it may be further pointed out that neither the original nor the renewal insurance contract made reference to the character of plaintiff's interest in the insured property, that is, whether his interest was as owner or as lien holder or mortgagee. Moreover, the losspayable clause in the policy specifically provides that:
"Loss or damage, if any, under the policy shall be payable as provided in the policy and this insurance as to the interest of the Bailment Lessor, Conditional Vendor or Mortgagee or Assignee of Bailment Lessor, Conditional Vendor or Mortgagee (herein called the Lienholder) shall not be invalidated by any act or neglect of the Lessee, Mortgagor or Owner of the within described equipment nor by any change in the title or ownership of the property; * * *." (Emphasis supplied.)
Thus the policy not only does not prohibit the sale of the insured property but specifically provides that any change in title or ownership shall not, as to a mortgagee or lien holder, invalidate the policy. Plaintiff, as heretofore observed, was such a mortgagee and lien holder at the time the insurance was renewed and at the time of the loss.
Nor do we find any basis for the charge that in procuring the insurance any misrepresentation was made of a material fact. There is no requirement or condition in the policy that plaintiff be an owner of the property insured, so a representation of either ownership or as a lien holder would be immaterial. There is no showing of any representation as to what plaintiff's insurable interest was.
Though a controversy exists as to whether, in renewing the insurance, plaintiff disclosed a sale of the property to Gann, we are convinced from our review of the record that he did. Such a disclosure appears as one of the purposes for which plaintiff invited defendant's agent to his home on the night of August 25, 1964, when a renewal of the policy was requested and a check given for payment of the premium. Plaintiff and his wife were certain they discussed the sale of the tractor and exhibited the act of chattel mortgage to defendant's agent. The agent was uncertain of those facts and, at the most, could not recall the conversation.
There is no basis established for the charge that Gann was unacceptable as an insurance risk. In fact, Gann was not named as a party insured in the insurance contract. Nor was there any proof of any moral or physical unfitness or of any financial difficulties chargeable to Gann that would tend to increase the hazard of the risk involved. Defendant's witnesses pointed up no specific basis for the charge of Gann's unfitness. There was no testimony tending to support the charge other than that of the clerk of court who testified that within the past two or three years preceding the trial four civil actions had been instituted against Gann. Two involved a foreclosure of a mortgage on an automobile, the first of which was dismissed and then refiled. The two remaining were upon open accounts, one for work allegedly done and the other for merchandise allegedly sold by an oil company. None of these had proceeded to judgment. Nor does the record establish that even these arose prior to plaintiff's sale of the tractor to Gann.
Next for consideration is the defense urged on a basis of an exclusionary clause relating to "custom farming," or where the insured property was under contract to others. The clause referred to provides:
"It is further agreed that no protection is provided for any loss or damage occurring beyond a radius of 50 miles from the home address of the insured, as listed on the schedule of the policy, if at the time of the loss the equipment is at such *384 locality for the purpose of being used for Custom Farming or is under contract to others for a charge."
The term "custom farming" is not defined in the language of the insurance contract.
The use to which the tractor was being put at the time of its destruction was the clearing of land. The purpose of the operation or the use in which the land was to be eventually used was not shown. However, it would be difficult to classify land-clearing with machinery such as involved here as farming, "custom" or otherwise. From our limited knowledge of the subject, "custom farming" appears to be the work or occupation of one who performs for others some particular phase or phases of farm work such as "breaking" the land and planting the seeds or cultivating and harvesting the crops. We are unaware of any rule that would extend the term to the clearing of trees from land which might eventually be utilized for agricultural purposes. Nor does the record establish that the tractor was ever under a contract to others for a charge. The most that can be gleaned from the record is that Gann, through the use of the tractor, was probably clearing land for others, and not that it had been under contract to others for a charge.
The burden of proof to establish the requisite facts to sustain a defense under the exclusionary clause of the contract is upon the defendant. From our review of the record, we are convinced this burden has not been established.
Remaining for consideration is the extent of plaintiff's loss. Such loss is the value of the property at the time of its destruction, limited by the amount of the mortgage indebtedness, or vice versa. The balance of the indebtedness secured by the chattel mortgage on the tractor at the time of the fire was $16,000. The value of the tractor immediately preceding its destruction was slightly in excess of this sum.
With reference to plaintiff's claim for penalties and attorneys' fees, we find no basis for their allowance. The defenses were seriously and earnestly urged in the utmost good faith. The failure to pay could not, under these facts and circumstances, be said to have been arbitrary, capricious, or without probable cause.
For the reasons assigned, the judgment appealed is annulled, avoided, reversed, and set aside; and
It is now Ordered, Adjudged, and Decreed there be judgment herein in favor of plaintiff, Toxie E. Givens, against the defendant, Southern Farm Bureau Casualty Insurance Co., for the full sum of $16,000, with 5% per annum interest thereon from judicial demand until paid, and for all costs of this suit.
Reversed and rendered.