STOULIG, Judge.
Plaintiff, Curtis J. Dugas, has appealed a judgment dismissing his suit to recover the value of a motor coach that was never returned by one Robert Young after he purportedly leased it from plaintiff’s agent. Defendant Royal Globe Insurance Company relied on an exclusion in the theft policy it issued to plaintiff to deny coverage and defendant Frank Tucker, Inc., the broker, denied any negligence in turning the vehicle over to the alleged lessee who never returned it.
We first consider the insurer’s defense mindful of the evidentiary rule that having pleaded the exclusion, it must prove the facts to support its position. Hartford Fire Insurance Co. v. Roger Wilson, Inc., 252 So.2d 161 (La.App.3d Cir. 1971); Givens v. Southern Farm Bureau Casualty Ins. Co., 197 So.2d 380 (La.App.2d Cir. 1967).
The clause in the contract of insurance relied on by the insurer provides:
“(o) under Coverage D, to loss to the entire vehicle or any part thereof, due to conversion, embezzlement or secretion by any person in lawful possession of the automobile.”
The key phrase is “in lawful possession” and therein the dispute lies. Appellant argues Young’s possession was unlawful ab initio, while appellee insurer insists the vehicle was legally turned over to Young under a valid contract of lease.
On June 5, 1975, in response to his inquiry Young was advised in a telephone conversation with Frank Tucker, majority stockholder of defendant broker, that a mobile home was available. Young appeared at the broker’s place of business, inspected the coach, signed a one-week rental agreement, made a $100 deposit and agreed to pick up the vehicle the next day. When Young returned on June 6, Elizabeth Tucker, Frank’s wife, handled the arrangements, which included taking his driver’s license and checking the picture to see if it matched the identity of the holder. She copied on the lease form the address, license and Social Security numbers from Young’s driver’s license. Young paid the $274 rental and then left with the trailer which he was purportedly leasing for a week. The trailer was never returned. Ultimately it was learned he attempted to obtain a California driver’s license but withdrew his application when California officials returned his Louisiana license to the Louisiana Department of Public Safety.
From these facts we are unable to determine whether a lease was in fact confected. C.C. art. 2670 states three things must concur before a valid lease is confect-ed, namely the thing, the price and the consent. If Young accepted the vehicle with the intent of returning it when the lease period ended, there was a lease. If, however, he intended to steal the vehicle *556 and went through the motions of signing a lease to gain possession, then there was no lease.
C.C. art. 1797 requires the contracting parties to mutually agree to the terms of a contract. In this case it would require that the broker’s intent to let for a week must concur with the lessee’s intent to use it for this period and return it. If, however, the broker’s consent to deliver the vehicle was procured through fraud or through error in motive in that Young failed to convey his intent not to return the vehicle, then the consent to lease induced by fraud destroys the validity of the contract. See C.C. art. 1819. A similar result was reached in Gomez v. Security Insurance Company of Hartford, 314 So.2d 747 (La.App.4th Cir. 1975).
In the case before us, proof of Young’s intent is not available. The evidence suggests elements of subterfuge when Young initially took possession, but we need not speculate on probabilities because defendant, to prevail, has the burden of proving lawful possession. This it failed to do and the insurer finds itself in the position of many litigants who almost certainly lose their cases when the burden of proof rests on them in instances where direct and circumstantial proof are not available to make a prima facie case or support an affirmative defense. The insurer is liable.
As to the defendant broker, plaintiff has alleged but failed to prove negligence. The plaintiff has not established that it set any special requirements with the broker insofar as screening prospective lessees nor do we think that Mr. or Mrs. Tucker departed from any standard procedures used by companies who rent vehicles. The fact that the address listed on the valid Louisiana driver’s license Young produced is erroneous is not proof of negligence, absent the owner’s requiring and the broker agreeing to personally verify the residence of the applicant.
Plaintiff’s request for statutory penalties and attorney fees authorized by R.S. 22:658 is denied. Before this section may be successfully invoked, the insured must establish the insurer acted arbitrarily and capriciously. We will not hold that under the present circumstances the defendant acted unreasonably in putting the exclusion at issue as a defense, even though it did not prevail.
For the reasons assigned, the judgment appealed from is affirmed insofar as it dismisses plaintiff’s suit against Frank Tucker, Inc., and reversed insofar as it dismisses the suit against the insurer, and it is now ordered that there be judgment in favor of Curtis J. Dugas and against defendant Royal Globe Insurance Company in the sum of $10,950, with legal interest from judicial demand and for all costs of these proceedings.

AFFIRMED IN PART; REVERSED IN PART; AND RENDERED.

BOUTALL, J., concurs with written reasons.