LaBORDE, Judge.
Emile K. Ventre, plaintiff-appellant, seeks to recover damages for the total loss of a Fairchild airplane insured by Pacific Indemnity Company, defendant-appellee, which crashed- on June 7, 1967, while being flown by Robert Moody.[1] The trial court granted a judgment in favor of Pacific. We affirm.
On April 19, 1967, Ventre purchased the airplane in his name. He subsequently entered into an agreement of sale with Robert Moody which provided that Moody would purchase a one half interest in the airplane on an installment basis. Moody had permis *970 sion to fly the airplane whenever he desired. Operational costs such as hanger rent, gas and oil, etc., were to be paid by Ventre and Moody.
Ventre obtained a binder for insurance on the airplane. The insurance binder named Ventre and Moody as authorized pilots.
On or about May 24, 1967, Moody gave Ventre a check for $165 representing the first installment payment on their agreement. The check was returned “NSF”. Ventre became dissatisfied with Moody, called the insurance agent and had Moody’s name removed from the binder of insurance.[2] On June 3,1967, he called the people at the local airport, Opelousas Flying Service, and told them Moody was not authorized to fly the plane. He followed his phone call by a personal visit to the airport and again told them Moody was not authorized to fly the plane. He told Moody the “deal was off” because Moody had failed to make proper payment on the airplane and had failed to qualify for insurance coverage.
On June 7, 1967, Moody flew the airplane; it crashed, resulting in a total loss. Ventre filed this suit to recover his loss under the policy of insurance issued by Pacific.
Ventre contends that Moody is not a part-owner of the plane and that his unauthorized use of the plane constitutes theft. Under his theory, Ventre is entitled to recover under the terms of his policy with Pacific.
Pacific contends the plane was owned by Ventre and Moody; Ventre was the only insured pilot, but as part-owner Moody was authorized to fly the plane and there is no coverage under the terms of their policy since he was not a named pilot.
In granting judgment in favor of Pacific, the trial judge held, in part, as follows:
“Ventre contends that he is the sole owner of the plane and that Moody’s use was unauthorized and constituted theft. This contention is necessary as the policy affords coverage for all damage to the plane resulting from its theft but not from its use by another pilot.
The testimony shows that Ventre and Moody entered into an agreement to jointly purchase the aircraft. This agreement was in the form of a conditional sale — Ventre purchased the plane in his own name and Moody was to pay for his one-half interest in the aircraft on an installment basis. (Transcript p. 40). In the common law, this agreement has the effect of maintaining title in the conditional vendor until the conditions of sale are fulfilled. However, in Louisiana, the effects following from that particular contract are those of a completed sale and title passes to the vendee at that time and cannot be rescinded unilaterally. Givens v. Southern Farm Bureau Casualty Insurance Co., 197 So.2d 380 (La.App.1967).
Pursuant to their agreement, Moody delivered a check for $165.00 representing the first installment payment on their agreement. Though the check was dishonored, its tender and acceptance indicates that the price of the thing and the terms of the sale had been agreed upon and that the sale was complete. Moody then owned one-half of the airplane and had an absolute right to its use regardless of insurance coverage.
* * * * * *
Judgment will be rendered in favor of the defendant.”
 We agree with the trial judge that the sale of the one half interest in the plane from Ventre to Moody was complete. Even though Louisiana courts have consistently refused to recognize the common law “conditional sale” they have repeatedly held that where all essential elements and conditions for absolute sale are present in a contract between parties, the effect flowing legally from that particular contract follow whether the parties foresaw and intended them or not, and though they may refer to their contract as a conditional sale. LSA-C.C. art. 2439; Givens v. Southern Farm *971 Bureau Casualty Insurance Co., 197 So.2d 380 (La.App. 2nd Cir. 1967), writ refused, 250 La. 902, 199 So.2d 916 (La.1967).
We conclude that under the above cited jurisprudence, the testimony elicited at trial and specifically the testimony of Ventre, a sale of a one half interest in the plane from Ventre to Moody was complete.
Ventre argues, alternatively, that assuming a sale did occur, ownership of the plane did not pass to Moody because the sale was subject to a suspensive condition, i.e., that Moody had to qualify for insurance coverage. We view this condition as resolutory rather than suspensive, such that the failure to comply with the engagements of one of the parties, does not dissolve the contract of right, but rather provides a means, which consists of a suit for dissolution or a demand for specific performance. LSA-C.C. arts. 2046 and 2047.
Moody was named as an authorized pilot in the original binder of insurance. When Ventre had Moody’s name removed from the binder and decided the “deal was off” because of Moody’s NSF check and his failure to qualify for insurance coverage, he could not unilaterally rescind that sale without suit for dissolution. The sale was complete within the intendment of LSA-C.C. art. 2456 and Ventre could not impose further conditions, i.e., full payment and/or full insurance coverage.
For the reasons assigned the judgment of the trial court is affirmed at appellant’s costs.
AFFIRMED.

. The stipulated value of the airplane on the date of the crash was $3,750.00.

. When the policy of insurance was issued Emile Ventre, M.D. was the only named insured.