479 So.2d 568 (1985)
Delbert EVANS
v.
FIRST OF GEORGIA INSURANCE COMPANY.
No. CA 84 0965.
Court of Appeal of Louisiana, First Circuit.
November 19, 1985.
*569 Horace C. Lane, Baton Rouge, for plaintiff-appellee Delbert Evans.
George P. Hubbler, Jr., New Orleans, for defendant-appellant First of Georgia Ins. Co.
Before LOTTINGER, COLE and CRAIN, JJ.
LOTTINGER, Judge.
This is a suit on an insurance contract. From a judgment in favor of plaintiff, defendant appeals.

FACTS
Defendant-appellant, First of Georgia Insurance Company, issued a fire insurance policy to Delbert Evans for a policy period commencing July 16, 1982, to July 16, 1983, insuring a one-story triplex for $81,000. On December 12, 1982, during the term of the policy, the dwelling was partially destroyed by fire.
Prior to the acquisition of this policy Evans was the owner of the triplex which was mortgaged to Union Savings. On April 29, 1980, Evans sold the triplex to Dr. John Reaux. A "wrap-around" mortgage was utilized in the sale from Evans to Reaux to avoid a high interest rate in refinancing. The wrap-around mortgage provided that Dr. Reaux was to maintain insurance and on his failure to do so Evans as the mortgagee under the wrap-around mortgage was authorized to purchase the necessary insurance at the buyer's expense. Thus, at the time of the fire loss Dr. Reaux was the owner of the property, but Evans was the named owner and insured on the policy, and Union Savings Association was listed as the loss payee/mortgagee.
After the fire Evans repaired the triplex out of his own pocket and then made this claim which was denied by defendant due to the misrepresentation at the time the policy was issued.
The trial court awarded plaintiff judgment in the amount of $9,684.37 plus penalties and attorney's fees. In appealing defendant contends the trial court erred:

*570 1) in refusing to void the insurance policy in view of Evans' breach of the insurance contract in misrepresenting his interest and increasing the moral risk;
2) in enforcing the policy in favor of Evans, but refusing to allow appellant subrogation provided in the policy against third party defendant/appellee/Dr. John Reaux;
3) in assessing penalties and attorney's fees;
4) in awarding damages in the amount of $9,685.37; and
5) in awarding legal interest from date of judicial demand rather than from the date of judgment.
Plaintiff-appellee Evans has answered the appeal seeking an increase in attorney's fees.

I
Louisiana has had an "anti-technical" statute since 1928, La.R.S. 22:692. The trial judge concluded as a matter of fact, and we agree, that the transfer of ownership of the triplex from Evans to Dr. Reaux did not increase either the physical or moral risks insured against. The occupancy of the apartment complex remained the same. Evans as a mortgagee had as much or more interest in preserving the property as he did when he was owner. Thus we find no error on the part of the trial court.

II
Appellant objects to the reformation of the insurance policy to show all interests represented therein. It is argued by appellant that the trial court should have reformed the contract to show Evans as mortgagee rather than as owner, and as such when the insurance company pays the loss to the mortgagee, it would be subrogated in that amount against the owner. We reject this argument and agree with the trial court in its reformation of the contract to show the true interest represented. The policy as originally issued insured the owner and a mortgagee. Thus the rearrangement of the positions of the parties is justified in the reformation.

III
Appellant contends that it was error for the trial court to assess penalties inasmuch as there are no cases which involve the "precise factual and legal issues" presented in this case. Very seldom if ever do we find cases which present "precise factual and legal issues" as previous cases. However, sufficient jurisprudence exists in this state to give guidance to insurance companies in determining whether a claim should be denied. We find the jurisprudence sufficiently clear in its guidance to conclude that the trial judge did not abuse his discretion in finding the appellant arbitrary and capricious. See Diaz v. Cherokee Ins. Co., 275 So.2d 922 (La.App. 4th Cir.1973); Givens v. Southern Farm Bureau Casualty Insurance Co., 197 So.2d 380 (La.App. 2nd Cir. 1967), writ refused 199 So.2d 916 (La.1967).

IV
At trial, both sides offered a joint exhibit from an insurance adjuster estimating the loss to be $10,956.84. Mr. Evans took on the task of having the building repaired. We are convinced as was the trial judge that he proved the amount of the damages by a preponderance of the evidence.

V
The trial court awarded interest on the judgment from the date of judicial demand. In suits ex contractu, legal interest is recoverable from the time the debt becomes due. La.Civ.Code art. 2000. The insurance policy in question provides that amounts due are payable sixty days after the proof of loss. However, plaintiff prayed for legal interest from date of judicial demand, rather than from the date that the money was due. Appellant argues that when there is a real dispute between the contracting parties concerning coverage, the debt does not become due under the contract until the issue of coverage is finally *571 determined. Considering that the trial judge found the insurer to be arbitrary and capricious, we conclude the trial judge was correct in his award of interest.

ANSWER TO APPEAL
In answering the appeal, plaintiff contends the trial judge erred in only awarding $1,500 in attorney fees at the trial level. Additionally plaintiff seeks an increase in attorney fees for defending this appeal.
Based on the record before us, we find no abuse of discretion on the part of the trial judge in awarding $1,500 in attorney fees. Additionally, we increase the attorney fee award by $1000 for defending this appeal.
Therefore, for the above and foregoing reasons the judgment of the trial court is amended to increase the total attorney fee award from $1,500 to $2,500, and as amended is affirmed. All costs of this appeal are assessed to defendant-appellant.
AMENDED AND AFFIRMED.