LABORDE, Judge.
Plaintiff, Walter Johnson, filed suit against Midland Insurance Company (Midland), seeking to recover the proceeds of a Midland property insurance policy. The policy covered a piece of logging equipment which was destroyed by fire. The actual defendant is the Louisiana Insurance Guaranty Association (LIGA), the successor of Midland. The parties stipulated to the value of the property and jointly moved for summary judgment. The trial court granted summary judgment on behalf of Johnson, awarding him $23,000.00 plus legal interest from date of judicial demand. LIGA now appeals. We affirm the trial court’s decision with the exception of the *1011 damage award, which is amended to reflect the application of deductibles.
FACTS
In March of 1983, Johnson purchased a “Dunham Loader” from the Patrick Miller Tractor Company (Miller) for about $41,-000.00. The purchase was financed by the Ford Motor Credit Company (Ford). Johnson secured an insurance policy from Midland which provided coverage against fire and other risks. Ford and Miller were loss payees under that policy. On March 28, 1984, Johnson sold the loader to Marshall Lee Havens for $27,000.00. Havens made a $1,500.00 down payment and agreed to pay Johnson $1,200.00 per month until the balance was paid off. Havens made these payments to Johnson and Johnson continued making payments to Ford. Since Johnson retained the Midland policy covering the loader, Johnson and Havens agreed to keep that policy in effect in Johnson’s name. No assignment was executed.
On January 30, 1985, the loader was destroyed by fire. Havens subsequently stopped making payments to Johnson. Johnson paid off the full amount owed to Ford and Miller. He then filed suit seeking to recover the value of the loader under the Midland policy. Johnson’s action is now against LIGA as the successor of Midland. The trial court awarded Johnson the stipulated value of the loader ($23,000.00).
ISSUES ON APPEAL
On appeal, LIGA contends that the trial court erred in finding that Johnson maintained an insurable interest in the loader. It argues that since Johnson sold the loader and did not assign the insurance policy to Havens, Johnson’s insurable interest was extinguished. LIGA also contends that, assuming there was an insurable interest, Johnson should not have been granted full recovery under the policy. It refers to a deductible in the insurance policy and a statutory deductible which were not applied by the trial court.[1]
INSURABLE INTEREST
LSA-R.S. 22:614 provides:
“A. No contract of insurance on property or of any interest therein or arising therefrom shall be enforceable except for the benefit of persons having an insurable interest in the things insured.
“B. ‘Insurable interest’ as used in this Section means any lawful and substantial economic interest in the safety or preservation of the subject of the insurance free from loss, destruction, or pecuniary damage.”
Our jurisprudence indicates that courts have gone both ways in trying to determine whether a party who sells property to another retains an insurable interest in that property. The result normally hinges on whether that party is able to meet the requirement that he have a “substantial economic interest in the safety or preservation of the subject.” In analyzing this issue, W. McKenzie and H. Johnson in 15 Louisiana Civil Law Treatise, Insurance Law and Practice § 316, (pages 590-91), (1986), state:
“In the case of an outright sale of the property prior to the loss, and especially where there appears to be no credit aspect to the sale, one can expect the conclusion that there is no insurable interest in the seller at the time of loss. The court will usually say that the contract of insurance issued to the seller, though perhaps still in force, is personal to him and absent a proper assignment of the policy, does not inure to the benefit of the purchaser.” (footnotes omitted)
However, the authors also point out in § 314 (page 588) of their treatise that ownership is not crucial in order to have an insurable interest. The key determination is whether a substantial economic interest exists. They state:
*1012 “Suffice it to say that neither the statute nor the cases require a showing of legal ‘title’ or dismemberment of ownership interests to support an insurable interest. The emphasis is much more on a permissible and substantial economic interest in the preservation of the property.”[2]
Givens v. Southern Farm Bureau Casualty Insurance Co., 197 So.2d 380 (La.App.2d Cir.), writ refused, 250 La. 902, 199 So.2d 916 (1967), involved a similar situation to the present. There, the plaintiff purchased a tractor by making a down payment and paying the remainder owed in installments. This debt was represented by a vendor’s lien and a chattel mortgage note. Plaintiff had insured the tractor. He subsequently sold the tractor to another party who executed a promissory note and chattel mortgage. On the day of the sale, plaintiff renewed the insurance on the tractor. The tractor was subsequently destroyed by fire. In concluding that the plaintiff retained an insurable interest in the tractor, the court stated:
“Plaintiff, we may observe, was the owner of the property at the time the original insurance contract was entered into. However, at the time the insurance was renewed, as well as at the time of the fire, plaintiff’s interest was that of mortgagee and as a holder of a vendor’s lien. He thus had, as we have already pointed out, an insurable interest in the property.”
Id. at 382-383. The court noted that the policy involved provided that it was not invalidated due to a change in ownership of the tractor.
In the present case, Johnson apparently did not receive a promissory note or chattel mortgage in selling the loader to Havens. However, he did have a vendor’s privilege on the loader under LSA-C.C. art. 3227.[3] In finding that Johnson had an insurable interest in the loader the trial court stated in its oral reasons for judgment:
“The Court has reviewed the memoranda submitted by counsel and believes that under the stipulated facts in this case, and under the law and jurisprudence that’s applicable, that Mr. Johnson did on January 30th, 1985 have an insurable interest in this equipment and is entitled to recover as an insured.
Now, it is true that he was not an owner in a strict sense of the word, but as is pointed out in numerous cases, the definition of an insurable interest as set forth in our statute, does not require an ownership interest.”
The court further stated:
“The circumstances here with Mr. Johnson being responsible for the making of payments to Ford Motor Credit Company, in my opinion, gave him a substantial economic interest in this property, as is required by our law and by definition of insurable interest.”
After thoroughly reviewing the record in the present matter, we do not find the trial court’s determination to be manifestly erroneous. Arceneaux v. Domingue, 365 So. 2d 1330 (La.1978). Thus we hold that Johnson did have an insurable interest in the tractor and is entitled to recovery from LIGA under the Midland policy.
DEDUCTIBLES
LIGA next argues that the trial court should not have granted full recovery *1013 of $23,000 to Johnson. LIGA first points out that the Midland policy contains a $1,000.00 deductible for any loss claim under the policy. LIGA also points out that under LSA-R.S. 22:1382(l)(a) there is a statutory deductible of $100.00 to any claim against it. See Harris v. Lee, 387 So.2d 1145 (La.1980). We agree with LIGA that these deductibles should have been applied by the trial court. Otherwise, we agree with the trial court’s award to Johnson.
For the foregoing reasons, we affirm the judgment of the trial court finding that Johnson had an insurable interest in the loader. We amend the award to reflect the application of the deductibles, resulting in a total award to Johnson of $21,900.00. Costs of this appeal are taxed 50% to Johnson and 50% to LIGA.
AFFIRMED AS AMENDED.

. We note that LIGA filed a peremptory exception of nonjoinder of an indispensable party claiming that Ford and Miller should have been included as parties because they were the loss payees under the Midland policy. LIGA subsequently moved to dismiss this exception as Johnson has already paid the full amount owed to Miller and Ford.

. Cases standing for the proposition that one does not need to be owner to retain an insurable interest include: State Farm Mutual Automobile Insurance Co. v. Price, 378 So.2d 599 (La.App. 3d Cir.1979); Bohn v. La. Farm Bureau Mutual Insurance Co., 482 So.2d 843 (La.App. 2d Cir.), writ denied, 486 So.2d 750 and 752 (La.1986); and Young v. State Farm Fire and Casualty Insurance Co., 426 So.2d 636 (La.App. 1st Cir.1982), writ denied, 433 So.2d 148 and 171 (La.1983).

. LSA-C.C. art. 3227 provides (in pertinent part):
"He who has sold to another any movable property, which is not paid for, has a preference on the price of his property, over the other creditors of the purchaser, whether the sale was made on a credit or without, if the property still remains in the possession of the purchaser.”
It should be noted that in order to have a privilege over the proceeds of the insurance policy, Johnson would have had to comply with the provisions of LSA-R.S. 9:4581-82.