DOMENGEAUX, Chief Judge.
On January 3, 1988, a fire destroyed a residence in Sulphur, Louisiana owned by Jody Jude Hoffpauir. Hoffpauir filed suit to recover insurance proceeds for the loss, naming as defendants State Farm Fire and Casualty Company and Allstate Insurance Company. State Farm then paid Hoffpauir $94,837.80 and pursued a cross claim against Allstate for contribution. After the matter was submitted on briefs and on a joint stipulation of facts, the trial court determined that Hoffpauir’s loss totalled $80,250 and ordered Allstate to pay State Farm $40,000 in contribution. Allstate appeals. For the following reasons, we affirm.
On December 28, 1984, Hoffpauir sold residential property located on King Oak Drive in Sulphur to Norman and Sharon Denton for $75,000 with the purchasers putting $10,000 down and executing a note in favor of Hoffpauir for the balance. Allstate issued a policy covering the subject property with Norman Denton named as the insured and Hoffpauir named as the first mortgagee. The policy period was from February 7, 1987 through February 7, 1988.
On November 10, 1987, the Dentons executed a dation en paiement in favor of Hoffpauir, returning the property to him. Hoffpauir then purchased a “rental dwelling policy” from State Farm, with coverage commencing November 18, 1987, and on November 25, 1987, he leased the property for one year to Donald and Judy Baker.
On January 3,1988, the dwelling on King Oak Drive was totally destroyed by fire. The loss occurred within the coverage dates of both the Allstate and State Farm policies.
The trial court awarded State Farm contribution after finding that Hoffpauir would have been entitled to recover under the Allstate policy. The court reasoned that although the dation cancelled Hoff-pauir’s security interest in the property, Hoffpauir nonetheless maintained an insurable interest when he became the owner of the property after the dation.
Louisiana’s jurisprudence has recognized that the nature of an insured’s interest in the insured property may change during a policy period, and such a change will not defeat coverage. In Givens v. Southern Farm Bureau, 197 So.2d 380 (La.App. 2d Cir.1967), writ denied, 250 La. 902, 199 So.2d 916 (1967), the plaintiff (owner) purchased insurance on a tractor, and while the policy was still in effect, he executed a credit sale of the tractor in favor of a third party. The tractor was destroyed by fire after the sale. Although the insured had purchased the policy as the owner of the tractor, the fact that he was only a mortgagee at the time of the loss did not preclude his recovery under the policy.
In Evans v. First of Georgia Insurance Company, 479 So.2d 568 (La.App. 1st Cir.1985), the plaintiff held a mortgage on a building, but when he purchased a policy of insurance on the property, he represented that he was the owner. After the building was destroyed by fire, the plaintiff was allowed to recover under the policy even though he was listed as the record owner and named insured when in fact he was only a mortgagee. The court further noted that the transfer of title to the property did not increase the risks insured against. See also Johnson v. Midland Insurance Co., 541 So.2d 1010 (La.App. 3d Cir.1989) and Sara, Inc. v. Southeastern Aviation (Texas), 490 So.2d 721 (La.App. 3d Cir.1986).
In the instant case, Hoffpauir had an insurable interest in the property at the time the policy was issued and at the time of the loss. The above jurisprudence indicates that Hoffpauir should not be denied recovery under the policy solely because the nature of his insurable interest was *522 modified between the time the policy was issued and when the loss occurred.
Allstate concedes that Hoffpauir had insurable interest in the property at the time of the loss but argues that under the terms of the policy, Hoffpauir’s interest was limited only to the balance due on the Dentons’ note. Relying on Miller v. Hartford Fire Insurance Co., 412 So.2d 662 (La.App. 2d Cir.1982), affirmed, 422 So.2d 1142 (La.1982), Allstate argues that when the balance was reduced to zero, Hoffpauir was no longer entitled to any insurance proceeds under its policy.
Although we agree with the result reached in Miller, we find that case is distinguishable. The'policy in Miller was a “mortgagee only” policy that was procured by the mortgagee to insure his interest (represented by a $4,000 mortgage note) separately from the owner’s interest. After the property was damaged by fire, the mortgagee assigned his note to its maker, the record owner of the property. The court denied recovery to the mortgagee’s assignee, noting that when the mortgagee returned the note to its maker, the principal debt and the mortgage were extinguished, thereby preventing the mortgagee from complying with his express obligation to subrogate the insurer to his rights under the note. The policy in the case sub judice, however, insured the interest of both an owner and a mortgagee. In Evans, supra, the court permitted the reformation of such a policy to show the true interest represented, notwithstanding the adverse effect on the insurer’s right of subrogation.
For the above reasons, we find no error in the trial court’s conclusion that both the State Farm and the Allstate policies provided coverage for the loss of Hoffpauir’s property. The judgment of the trial court is therefore affirmed, and costs of this appeal are assessed to defendant-appellant, Allstate Insurance Company.
AFFIRMED.
SAUNDERS, J., dissents and assigns reasons.