O'NIELL, C. J., dissents from the ruling on bills 9, 10, and 11.

<hr/>

(109 So. 822)

No. 27890.

**SCOTT et al. v. BRENNAN et ux.**

**In re BRENNAN et ux.**

(June 28, 1926. On Application to Amend Decree, Oct. 5, 1926.)

*(Syllabus by Editorial Staff.)*

1. **Fixtures** &#10057;&#8212;21&#8212;Water heater in building held not removable by vendor after sale; "movable" (Civ. Code, art. 467, as amended by Act No. 51 of 1912).

Water heater, which was part of hot water system for building, cannot be removed by vendor after sale, not being "movable" within Civ. Code, art. 467, as amended by Act No. 51 of 1912, notwithstanding that water heaters are not expressly named therein.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Movable.]

2. **Interest** &#10057;&#8212;39(2)&#8212;Interest runs on purchasers' judgment against vendor for removal of water heater, after sale from date of removal.

Date from which interest should run on purchasers' judgment against vendor for removal of water heater after sale *held* to be date of removal and not date of rendition of judgment or date of judicial demand.

3. **Conspiracy** &#10057;&#8212;22&#8212;Judgment against vendor and wife in solido for his removal of water heater from building after sale held error as to wife.

Where, in purchasers' action in tort for vendors' removal of water heater from building after sale, there was no conspiracy between defendant and wife, and she was not joint trespasser, judgment against them in solido *held* error, in so far as rendered against wife; Civ. Code, art. 2324, being inapplicable.

Action by Natalie V. Scott and another against James A. Brennan and wife. Judgment for plaintiffs against defendants in solido was affirmed by the Court of Appeals, and defendants apply for certiorari or writ of error. Amended and affirmed.

Henry W. Robinson and Daniel Wendling, both of New Orleans, for applicants.

Richard B. Montgomery and W. H. McClendon, Jr., both of New Orleans, for respondents.

LAND, J. After the sale to plaintiffs by defendants of the premises No. 23 St. Anthony's alley No. 2 in the city of New Orleans, the defendant, James A. Brennan, removed from the property a water heater attached to a tank and pipes, and forming a part of the hot water system for the building, which contained four floors with a bathroom on each floor.

Defendant, claiming that he had a right to remove the heater, as it was a movable, and not included in the sale, refused to return same, after amicable demand by plaintiffs.

The judgment of the Court of Appeal before us for review, affirmed the judgment of the civil district court for the parish of Orleans, disallowing the damages claimed by plaintiffs against defendants for the trespass committed in taking the heater, and awarding judgment in their favor and against defendants in solido in the sum of $198, the cost of a secondhand heater installed in the building by plaintiffs, with legal interest on said sum from November 18, 1921, until paid.

[1] 1. Defendants contend, in the first place, that the heater is a movable under Act 51 of 1912, amending article 467 of the Revised Civil Code, and that they had the legal right to remove same.

This contention is not well founded, in our opinion. That article of the Civil Code was amended and re-enacted so as to read as follows:

"Art. 467 (458) Wire screens, *water pipes*, gas pipes, sewerage pipes, heating pipes, radiators, electric wires, electric and gas lighting fixtures, *bathtubs, lavatories, closets, sinks,* gas plants, meters and electric light plants, heating plants and furnaces, when actually connected with or attached to the building by the owner for the use or convenience of the building *are immovable by their nature.*"

Prior to amendment by Act 51 of 1912, article 467 of the Civil Code read as follows:

"*The pipes* made use of for the purpose of *bringing water to a house or other estate,* are immovable, and are a part of the tenement to which they are attached."

Article 467 of the Civil Code, as amended, is much broader in its scope, and includes "water pipes, * * * when actually connected with or attached to the building by the owner for the use or convenience of the building"; and, as bathtubs, lavatories, closets, and sinks, connected with the water pipes in a building, are unquestionably immovable by nature, we fail to see wherein a heater attached to a tank connected with such water pipes is not also an immovable by nature, as it is essentially a part of the hot water system for the use or convenience of the building placed therein by the owner.

We do not deem it necessary that water heaters should be expressly named in Act 51 of 1912, in order to be embraced within its provisions, as we are not of the opinion that the terms of said act are exclusive, as contended by counsel for defendants.

The act must be given a reasonable interpretation and the plain legislative intent enforced.

2. The water heater was removed by the defendant James A. Brennan without legal right to do so. The building had been inspected by plaintiffs three times before the purchase of the property. Representation had been made to plaintiffs that the house was well worth $8,000, as it had four baths and a hot water system, and the heater had been pointed out to plaintiffs by one of the defendants.

The tenants of plaintiffs had been assured of supply of hot water, when making their leases.

The heater was removed November 18, 1921, and a secondhand heater was purchased and installed on December 15, 1921, at a cost of $198. Defendants complain of the price paid as excessive. Both the civil district court and Court of Appeal have found as a fact that the price was reasonable under the circumstances of the case, and we find no good ground for dissent from such finding.

[2] Nor do we find sufficient reason for changing the date of the judgment from which legal interest is to run to the date of the rendition of the judgment, May 30, 1923, or to the date of judicial demand, September

7, 1922, as the payment of the price for the heater at the time sufficiently liquidated the claim of plaintiffs; the price paid having been held to be reasonable by judgment subsequently rendered.

[3] 3. We are of the opinion, however, that the judgment in this case is erroneous, to the extent that it has been rendered against the wife of defendant James A. Brennan and in solido with him. Plaintiff's petition clearly discloses an action in tort, as it charges defendants with conspiracy to commit trespass, by removal of the heater. No breach of warranty is alleged as a basis of recovery of damages.

Article 2324 of the Revised Civil Code provides that:

"He who causes another person to do an unlawful act, or assists or encourages in the commission of it, is answerable, in solido, with that person, for the damage caused by such act."

The record does not contain sufficient evidence to prove conspiracy between defendants to commit the act of trespass alleged. As defendant's wife is not shown to be a joint trespasser with her husband, she cannot be legally condemned in solido with him for damages in this case.

It is therefore ordered that the judgment of the Court of Appeal for the parish of Orleans be amended so as to reject the demand of plaintiffs against Mrs. Leontine J. Bouche, wife of James A. Brennan, at their cost. It is now ordered that said judgment, as amended, be affirmed; plaintiffs to pay the cost of this proceeding and the costs of appeal, the defendant, James A. Brennan, to pay all other costs.

On Application to Amend Decree.

PER CURIAM. The decree is amended by dividing all costs of the Court of Appeal and this court between plaintiffs and Brennan, the husband, they to pay half and he to pay half.