**TANGIPAHOA BANK & TRUST CO. v. KENT et al.** *

**No. 7258.**

Circuit Court of Appeals, Fifth Circuit.
April 7, 1934.

*Rehearing denied May 31, 1934.

R. Emmett Kerrigan, of New Orleans, La., for appellants.

Edw. Haspel and Leo L. Dubourg, both of New Orleans, La., for appellees.

Before BRYAN, FOSTER, and HUTCH-ESON, Circuit Judges.

FOSTER, Circuit Judge.

This is an appeal from a judgment denying an application for leave to intervene in the receivership proceedings of the Roseland Box Company, Inc., and sustaining motions to dismiss the petition on the ground that it disclosed no cause of action.

The record discloses that the Amite Bank & Trust Company filed a petition of intervention in the receivership proceedings. Later appellant, as its successor, was substituted. The material allegations, in substance, are these: That the Rockwood Sprinkler Company had sold to the Roseland Box Company, Inc., an automatic sprinkler system, to be installed in its plant at Roseland, for $25,000; that the box company issued five notes in payment, each for $5,000, of which the first three had been paid; that the intervener is the holder for value of the remaining two notes; that the property sold and described in the contract is movable and could be removed from the property where situated without injury to the buildings in which it is installed; that under the terms of the contract intervener as the holder of the unpaid notes has a vendor's lien on said property. The prayer was for leave to file the intervention, for recognition of the lien, with priority over all others, and for a sale to satisfy it. On motion of the receiver, the trustees under a first and second mortgage were brought in as parties defendant. All of the defendants moved to dismiss the petition.

The contract was annexed and made part of the petition. Briefly stated, it provides that the sprinkler company will cause the property of the box company to be equipped with an automatic sprinkling system, which is leased to the box company for a period of four years, for a rental of $25,000, $5,000 payable at date of delivery of materials and $5,000 each twelve months thereafter, to be evidenced by notes, and upon the payment of the entire amount the equipment to become the property of the box company. As part of the contract are certain specifications

as to the materials to be furnished and the work to be done in installing the system.

In opposition to the allegations of the petition, appellees contend: That the contract was for the construction of a sprinkling system as part of the building and not for the sale of the complete apparatus and a vendor's lien had not been created; and, further, in the alternative, that the sprinkling system had been put into the building by the owner and merged with the building; that under the provisions of article 467, La. Civil Code, it became immovable by nature and the vendor's lien was lost.

No doubt the contract in the form of the lease was intended to retain title in the sprinkler company until the notes were paid. Under the law of Louisiana, which does not recognize conditional sales, such contracts are considered outright sales, vesting absolute title in the buyer and creating vendors' liens. Graham v. Nu Grape Bottling Co., 164 La. 1103, 115 So. 285; In re New Orleans Milling Co. (D. C.) 263 F. 254. This is not disputed, but as showing that the contract was one for construction, and not of sale, appellees rely upon the specifications made part of the contract. It is usual to have specifications for materials and the work to be done when mechanical equipment of a complicated character is to be constructed for a particular building. We find nothing in the specifications that would affect or nullify the contract as a sale and convert it into a contract for the construction of part of the building.

We are not aware of any reported decisions of the Louisiana courts construing the provisions of article 467 of the Civil Code in respect of the vendor's lien, but there are numerous decisions construing article 468 of the Civil Code, which is in pari materia. Article 467 provides that certain specified articles, such as wire screens, water pipes, gas pipes, bathtubs, electric light plants, heating plants, furnaces, etc., when actually connected with or attached to the building by the owner for the use of the building, are "immovable by their nature." Article 468 provides that things which the owner of a tract of land has placed upon it for its improvement are "immovable by destination." The terms create fictions of law and may be considered interchangeable. Among the articles enumerated in article 468 are utensils necessary for working cotton and saw mills, sugar refineries, and other manufactures. A sprinkler system for fire prevention is not included in the enumeration of specified appliances in either article, but, as the maxim "inclusio unius est exclusio alterius" has very little application in construing the articles of the Civil Code, it may be conceded that either article is broad enough to include a sprinkling system by necessary implication. Scott v. Brennan, 161 La. 1017, 109 So. 822, 48 A. L. R. 1143.

Under the provisions of article 3227, Civil Code, and the settled jurisprudence the vendor has a lien upon any movable sold for the unpaid portion of the purchase price, so long as it remains in the possession of the buyer and can be identified. The Louisiana courts have uniformly held that, where machinery or mechanical equipment is installed in a building by the owner but can be removed without substantial injury to the structure to which it is attached, even though it be necessary to temporarily destroy part of the building, the vendor's lien attaches and may be enforced notwithstanding the provisions of article 468. In re Receivership of Augusta Sugar Co., 134 La. 971, 64 So. 870; Caldwell v. Laurel Grove Co., 175 La. 928, 144 So. 718; Hamilton Co. v. Medical Arts Bldg. (1931) 17 La. App. 508, 135 So. 94. To the same effect are the following federal cases: State Trust Co. v. De La Vergne Ref. Co. (C. C. A.) 105 F. 468; Whitney-Central Trust & Savings Bank v. Luck (C. C. A.) 231 F. 431. Cf. Holt v. Henley, Trustee, 232 U. S. 637, 34 S. Ct. 459, 58 L. Ed. 767; Wheat v. Otis Elevator Co. (C. C. A.) 23 F.(2d) 152. Each case depends upon its own facts. Cases in which the facts show that the apparatus cannot be removed without substantial injury to the building, or the material furnished cannot be identified, are not in point and need not be reviewed.

On the allegations of the petition of intervention, which must be taken as true, the property sold is in the possession of the purchaser, can be identified and removed from the building where installed without damage to that structure. It follows that the judgment dismissing the intervention was wrong. The intervener was entitled to have its day in court to prove, if it can, the allegations of the petition. We express no opinion as to what the ultimate judgment of the District Court should be.

Reversed and remanded.