SMITH et al. v. KENT et al.
No. 7688.

Circuit Court of Appeals, Fifth Circuit.
Aug. 29, 1935.

Rehearing Denied Sept. 27, 1935.

130

R. Emmett Kerrigan, of New Orleans, La., for appellants.

Edward Haspel and Bolan Burke, of New Orleans, La., for appellees.

Before BRYAN, FOSTER, and SIBLEY, Circuit Judges.

FOSTER, Circuit Judge.

This is the second appeal in this case. Tangipahoa Bank & Trust Co. v. Kent (C. C. A.) 70 F.(2d) 139. Appellants are seeking to establish a vendor's lien in their favor on a sprinkler system installed in the factory of the Roseland Box Company, of which appellee is receiver. On the first appeal we reversed a judgment dismissing the intervention of appellants on exceptions to the pleadings, without a trial on the merits. The case is fully stated and the law discussed in our former opinion. What was there said need not be repeated.

After the case was remanded, the District Court referred the claim to a master to take the evidence and report his findings of fact and conclusions of law. The master found the facts to be that the sprinkler system was easily identifiable and removable without damage to the structures and lands to which it was attached. No exception was taken to this finding.

Nevertheless, he proceeded to construe the contract and concluded that it was for construction of the sprinkling system and not a sale of movable property. He further concluded that, if the contract was one of sale, the vendor's lien was lost because the sprinkling system became "immovable by nature," under the provisions of article 467 of the Louisiana Civil Code. The report of the master was confirmed, and the intervention again dismissed. This appeal followed.

On the former appeal we construed the contract to be one of sale, and held that the vendor's lien would attach if the interveners could establish by proof that the sprinkling system could be identified and removed without damage to the building in which it was installed, notwithstanding the fiction of immobility created by article 467, Louisiana Civil Code. We also stated that we expressed no opinion as to what the ultimate judgment of the District Court should be. Necessarily we could not render judgment in that respect, as we could not know whether the allegations of the intervention would be supported by adequate proof. There was a further possibility that superior liens might be shown to exist, and also that creditors might be paid in full in the orderly administration of the receivership. However, so far as we construed the contract and ruled that interveners would be entitled to enforce the vendor's lien on the property, if the allegations of the intervention were sustained by proof, the decision became the law of the case, and these questions were not open for further consideration in the District Court.

It follows that the judgment appealed from must be reversed. Appellants are not asking for the rescission of the sale and the removal and delivery of the property to them. They are simply asking to be paid the balance of the purchase price by preference out of the proceeds of the property. Appellants' lien is established, and they are entitled to this relief. Whether the sprinkler system should be separately sold or merely separately appraised and sold together with the entire property, if and when a sale is made, presents a question to be determined by the District Court, in the exercise of sound discretion, for the best interests of all the parties.

Reversed and remanded.

BRYAN, Circuit Judge, participated in the hearing and decision of this cause, but died before the opinion was prepared and filed.