I believe that the Venetian blinds may well be classified as immovables by nature under Article 467 of the Civil Code, as amended by Act No. 51 of 1912. That Article, which is neither cited nor discussed in the majority opinion (although counsel for defendant relies strongly thereon), reads as follows:
"Wire screens, water pipes, gas pipes, sewerage pipes, heating pipes, radiators, electric wires, electric and gas lighting fixtures, bath tubs, lavatories, closets, sinks, gas plants, meters and electric light plants, heating plants and furnaces, when actually connected with or attached to the building by the owner for the use or convenience of the building are immovable by their nature."
This amendment of 1912 was obviously passed for the purpose of rectifying the jurisprudence wherein it had been held that chandeliers and other objects, normally used for the convenience and ornamentation of the building, were not immovables. Originally, the Article provided merely that:
"The pipes made use of for the purpose of bringing water to a house or other estate, are immovable, and are part of the tenement to which they are attached."
The amendment, as stated in Scott v. Brennan, 161 La. 1017,109 So. 822, 48 A.L.R. 1143, is much broader in its scope and includes anything actually attached to the building by the owner for the use and convenience thereof and is not necessarily restricted to the particular fixtures mentioned in the article. It is to be noted that one of the fixtures specially mentioned in the amendment is wire screens. It might be argued, were it not for the amendment, that wire screens, which are fitted into a window casement and which could be removed without causing any damage whatever to the property, are not immovable, either by nature or destination, because the owner has affixed them to the premises for his own personal convenience and not for the use of the building. The amendment, of course, precludes such an argument. Hence, if a wire screen is to be regarded immovable by nature why not Venetian blinds? By analogy, it appears to me to be reasonable to resolve that a Venetian blind, which performs the dual function of a window shade and a shutter, falls into the same category as a wire screen when it is affixed to the premises by the owner — forasmuch as it cannot be seriously doubted that both articles are placed therein for the accommodation, use and convenience of the occupants of the property. True, the function of screens is to exclude flies, mosquitoes and other insects, whereas, Venetian blinds regulate the admission of air and light. *Page 309 
But both articles of equipment are for the accommodation, use and enjoyment of the property.
In this connection, I am in disagreement with my colleagues in their observation that Venetian blinds are more like window shades than anything else. Unquestionably, they serve the same purpose as window shades but, further than this, they also perform the function of shutters which are normally attached to the outside of windows. In fact, it is a matter of common knowledge that, in most of our modern houses, Venetian blinds are installed in place of shutters.
Finally, it is my conviction that it is the duty of the courts to keep abreast with modern trends; that, in case of doubt as to whether a particular fixture falls within the purview of Article 467 of the Code, the judges should take into consideration those things which are normally regarded as standard equipment in modern buildings and that recovery should be denied in a case of this kind, unless the proof is clear that the article affixed to the building is obviously personal property, placed therein for the exclusive use of the owner himself, and of such character that it does not inure to the benefit of the building. The facts of this case, it seems to me, prompt an affirmance of the judgment below as it is shown that this is a seven apartment house and that the Venetian blinds were installed therein by plaintiff's vendor, Mrs. Marguerite Porteous Wiltz, for the use and accommodation of the tenants. Thus, it can hardly be said that the blinds were personal objects affixed for the individual enjoyment of the owner. Conversely, I think that they were fixtures obviously installed in the house for its use and convenience — thus enhancing its value as a real estate investment.
After all, the deed by which plaintiff conveyed the property to defendant contains the usual recital that she sells the land and improvements "and all rights, ways, privileges, advantages, servitudes and appurtenances thereunto belonging or in anywiseappertaining * * *." (Italics mine.) To conclude that the Venetian blinds, which had been previously installed in the building, were not appurtenances thereunto or that they did not in anywise appertain thereto overlooks, to my mind, the realities of the situation.
I respectfully dissent.