I wish it to be understood that I think that the result arrived at here is not necessarily applicable to all situations in which Venetian blinds may be involved. In some of the more modern buildings and residences such blinds are built into and become part of the structure itself, and were we presented with such a situation, I am sure that a different result would be obtained. But where an old building is involved and the blinds are shown to have been attached after the original construction, and merely by screws or small brackets, they no more become immovable by destination than do window shades or curtains.
I concur, however, in all that my associate has said.
Act No. 51 of 1912, which amended Article 467 of our Civil Code, no doubt evidences an intention of the Legislature to extend and broaden the category of things which, upon being attached by an owner to a building for the use or convenience of the building, become immovable by nature. There is also no doubt that in Scott v. Brennan, 161 La. 1017, 109 So. 822, 48 A.L.R. 1143, the Supreme Court held that the things listed in the act of 1912 are merely illustrative and not restrictive and that therefore many things, other than those listed, may become immovable by nature upon being attached by an owner to his building.
But I think that even under the amendment of 1912, under the facts shown here, the Venetian blinds did not become immovable by nature. They were attached by simple brackets and could easily be removed without damage to the building. Venetian blinds are not so universally recognized as a necessary part of every house or building as to justify the conclusion that in all cases where there are such blinds they have been put into the building "for the use or convenience of *Page 308 
the building" as distinguished from the convenience or personal desire of the owner. Most people like Venetian blinds; some few do not.
I rather incline to the view that such blinds are likened rather to window shades or curtains than to outside blinds or shutters. I cannot see that in its construction or in the method of its attachment a Venetian blind is to be likened to a wire screen. As is well known, such blinds are offered for sale in department stores or hardware stores and come in standard sizes so that they may be very simply attached to window frames and may be moved from one window to another. Wire screens, on the other hand, are practically always made to fit particular windows. They are attached by slides which become part of the window frames themselves. Therefore, I think that although wire screens are expressly set forth in the amendment of 1912 as becoming immovable by nature, Venetian blinds are not necessarily to be likened to such screens.
In some of the more modern buildings and some of the newer residences there are such blinds which are built into the window frames and in such case they obviously become a part of the building itself.
If we were presented with such a situation I think the result would undoubtedly be different. All that I say here is that under the facts shown the particular Venetian blinds with which we are concerned did not become immovable by nature.
I therefore concur in the decree.