56 So.2d 240

ROY O. MARTIN LUMBER CO., Inc. v. SINCLAIR.

No. 39578.

Dec. 10, 1951.

Gist, Thornton & Murchison, Alexandria, for plaintiff-appellant.

Vincent Hazleton, Alexandria, for defendant-appellee.

PONDER, Justice.

Roy O. Martin Lumber Company, Inc. brought suit against D. O. Sinclair seeking sequestration of certain movable property in the possession of the defendant and seeking to be decreed the owner of the movable property and to recover $624, the balance of the purchase price due thereon, with legal interest from judicial demand. The court ordered the issuance of the writ of sequestration upon plaintiff furnishing bond in the amount of $1,500. The bond was promptly furnished and the property was sequestered. The defendant moved to dissolve the sequestration and asked the court to permit him to have the property released upon giving bond. The property was released to the defendant on a bond in the amount of $6,000, as fixed by the court. The motion to dissolve the sequestration was heard and the trial court gave judgment setting aside the sequestration, recalling the bond given by the defendant to release the property, and awarded the defendant damages in the amount of $1,200.00 for the illegal issuance of the writ. The plaintiff appealed.

From our appreciation of the record, the plaintiff was seeking to enforce the provisions of two conditional sales of movable property. The plaintiff sought to be decreed the owner of the property and to recover the amount due on the purchase price. The sequestration issued herein is predicated on the allegation in the plaintiff's petition that it was the owner of the property in the possession of the defendant. The two conditional sale contracts were attached to and made a part of plaintiff's petition. One of the contracts was for the sale of a caterpillar tractor. According to the stipulations in the contract, the vendor agreed to sell the tractor and the purchaser agreed to buy it. The purchase price was fixed at $4,375.57, to be paid by the vendee at $1.50 per thousand feet for all logs that are hauled and delivered at the vendor's plant or elsewhere as the vendor shall designate. It is provided that weekly settlements shall be made and the amount due the vendee shall be credited on the purchase price. In the other contract the plaintiff sold to the defendant three motors, two mules, two horses and two trailers. It is designated therein that the purchase price is $3,783.14, the vendee agreeing to pay $4 a thousand feet for all logs hauled and delivered to vendor's plant at Alexandria and it provides for weekly settlements and for the amount due the purchaser to be credited on the purchase price of the movables.

The judgment of the lower court dissolving the sequestration is correct. Conditional sales cannot be enforced as such in this state. It has been repeatedly held by this court that a so called conditional sale or a sale by which a vendee is unconditionally bound for the purchase price and the vendor is to remain the owner of the property until the price is paid cannot be countenanced under the laws of this state. Some of the decisions to this effect are as follows: Barber Asphalt Paving Co. v. St. Louis Cypress Co., Ltd., 121 La. 152, 46 So. 193; Byrd v. Cooper, 166 La. 402, 117 So. 441; Thomas v. Philip Werlein, Ltd., 181 La. 104, 158 So. 635. The appellant has strenuously urged the appellee did not bind himself unconditionally to pay the purchase price and that the instruments sued on are nothing more than comprehensive logging contracts. Appellant concedes that the purchase price was fixed, but the time and amounts of the several payments to be made on the purchase price were not fixed and were to be determined by the performance of obligations of both parties in the future and as the work progressed. The appellant has cited a number of cases which it claims supports this condition. We have read them with care and find that they do not bear out the contention. The method or the time when the purchase price was to be paid could not be controlling. In both of these contracts there was an absolute agreement to purchase and sell for a fixed purchase price. The property was delivered to the purchaser. The sale was complete.

The appellant contends that the lower court erred in dissolving the sequestration because it should have been maintained under the prayer of its petition, "For such additional relief as the law, equity and the nature of the case may permit." The appellant cites a number of cases to the effect that the allegations of the petition must be taken into consideration in determining the relief sought. These decisions can afford the appellant no comfort because it has emphatically alleged that it is the owner of the property and has asked not only to be decreed the owner of the property but asked for the balance due on the purchase price. The appellant cannot maintain the sequestration on the theory that it has a vendor's lien and privilege because it is absolutely inconsistent with the allegations of the appellant's petition.

The appellant contends that the amount of damages awarded the appellee are excessive. The damages consist of attorney's fees, loss of use of the property for several days and the amount paid to the bondsman for the release of the property. The attorneys who testified as to the value of the fee fixed the appropriate fee ranging from $500 to $1,000. It appears that in the space of less than six months a sum of more than $9,000 was earned by the use of the property involved herein. This is indicated from exhibits filed by the plaintiff. There is evidence in the record that the de-

fendant paid $600 to secure a surety on the release bond. There is also evidence in the record that the defendant agreed to pay his attorney 20% of the value of the property if he secured the release of the property from the seizure.

Taking the situation into consideration as a whole, we cannot say that the amount of damages fixed by the trial court is excessive.

The appellant contends that the lower court erred in allowing expert fees in the amount of $25 to the attorneys who testified as to the value of the legal services rendered by counsel for the appellee. Attorneys are officers of the court and it has been held that when they are present in court and called to testify as to the value of services rendered by another attorney that expert fees can not be allowed. Williams v. Fire Ass'n of Philadelphia, La. App., 193 So. 202.

For the reasons assigned, the judgment of the lower court is amended by disallowing the experts' fees for attorneys. As thus amended the judgment is affirmed at appellant's cost.

**56 So.2d 242**
**STATE v. CRONIN.**
**No. 40416.**
Dec. 10, 1951.

See also, 220 La. ——, 56 So.2d 246.

