WATKINS, Judge.
Resolution of this tort case before us on appeal hinges on the proper interpretation of an oral contract between two of the original defendants. Following a jury trial, judgment was rendered in favor of plaintiffs and against their uninsured motorist (UM) carrier; however, plaintiffs’ claims against the liability insurance carrier for the other vehicle were dismissed.
Because of error which contributed to the jury’s decision on the contract, we vacate that portion of the judgment of the trial court and render judgment after our own independent review of the record. Gonzales v. Xerox Corp., 320 So.2d 163 (La.1975).
The plaintiffs, Dominie and Winifred Va-racalle, filed suit for personal injuries received in a two-vehicle collision which occurred on March 28, 1984. They named four defendants: Edward L. Turner, driver of a 1973 Ford van which collided with the Varacalle vehicle; Rodney K. Brady, registered owner of the van; State Farm Mutual Automobile Insurance Company (State Farm), carrier of an automobile liability policy issued to Mr. Brady for coverage of the van; and Metropolitan Property and Liability Insurance Company (Metropolitan), the plaintiffs’ UM carrier.'
Defendant Turner failed to answer the petition of the plaintiffs, and he did not appear at the trial. However, his deposition was taken on October 10, 1985, the deposition was introduced into evidence by the plaintiffs, and the trial court allowed the deposition testimony to be read to the jury. Subsequent to the trial, judgments were rendered against Mr. Turner individually for compensatory and exemplary damages pursuant to the jury verdict and pursuant to a confirmation of default. The judgment in favor of plaintiffs and against Mr. Turner is not before us on appeal.
Mr. Brady and State Farm filed an answer to the petition of the plaintiffs, alleging that the accident being sued upon was caused by the fault of a third person for whom they were not responsible. At the close of the evidence and before the jury returned with a verdict, the plaintiffs released Mr. Brady from the lawsuit. The cause of action against Mr. Brady is not before us on appeal. Although appellee State Farm filed briefs with this court, State Farm neither appealed nor answered the appeal.
Metropolitan answered the petition of the plaintiffs, alleging the fault of the plaintiffs [1] as well as a claim for subrogation against Mr. Turner, Mr. Brady, and State Farm in the event of a judgment against it as UM carrier. Metropolitan also filed a petition for intervention, seeking reimbursement for payment for property damage to the Varacalle automobile and for payment of medical pay benefits to the plaintiffs. Appellee Metropolitan answered the appeal of the plaintiffs, urging several errors including an excessive damage award.
*838 FACTS
On March 28, 1984, Mr. and Mrs. Vara-calle were travelling east on West Hall Street in Slidell, Louisiana. A van being driven by Mr. Turner was proceeding west on the two-lane street when it suddenly and without warning crossed the center line and struck the Varacalle automobile. The force of the impact caused the automobile to leave the roadway and to come to rest against a tree.
Mr. and Mrs. Varacalle were taken to the hospital where they were treated in the emergency room and released. However, their injuries required subsequent treatment; Mrs. Varacalle’s injury later resulted in surgery to both of her feet.
On the date of the accident Mr. Turner was in the employ of Mr. Brady. As usual, he used the Ford van for work. He had completed his work for the day and had been tending to some business of his own at a local lounge immediately preceding the accident. Mr. Turner was not injured in the accident. However, he was charged with driving while intoxicated, and he later pled guilty to the charge. The van received minor damage, such as dents, which Mr. Turner was able to repair himself. One of the van’s tires was ruined, and it was replaced by Mr. Brady.
THE TRIAL
Throughout numerous pre-trial strategies and throughout the jury trial, Mr. Brady and State Farm maintained that Mr. Brady was not the owner of the van at the time of the accident. This defense was predicated on an alleged sale of the van from Mr. Brady to Mr. Turner on a date uncertain but preceding the accident.
The plaintiffs’ and the UM carrier’s response to the defense of a completed sale was that the alleged sale was not a completed sale but was an agreement to sell or a sale subject to the suspensive condition of payment of the purchase price.
It appears from the record that the trial judge perceived this case as being governed solely by LSA-C.C. art. 2456 and no other codal provisions. The trial court instructed the jury on the provisions of Article 2456 only,[2] despite plaintiffs’ request [3] that the jury be charged concerning the law on sales with suspensive conditions.
Additionally, the court provided the jury with the following interrogatory:
Did Rodney K. Brady enter into an:
*839 a) agreement to sell for the
b) price of the
c) 1973 Ford van
prior to the accident on March 28, 1984?
_yes _no.
Because of our disposition of this case, we pretermit the question of whether the judgment rendered by the trial court comported with the jury’s affirmative answer to this interrogatory. Use of the term “agreement to sell” without a previous instruction on the “promise to sell” (LSA-C.C. art. 2462) was fraught with the likelihood of confusion. Furthermore, the use of this term without proper prior instruction to the jury was prejudicial to the parties who were seeking a determination by the jury that the contract was not a perfected sale.
We conclude that the charge and the limited interrogatory were defective because they deprived the plaintiffs and the UM carrier of the jury’s determination of crucial factual issues: the existence vel non of a suspensive condition and the intent of the parties to enter into an agreement to sell, not a contract of sale. The error in keeping these contested issues from the jury was compounded by the trial court’s exclusion of evidence of the intent of the purported seller of the van.
In thus limiting the jury’s function, the trial court doubtlessly misread the jurisprudence concerning conditional sales of automobiles in Louisiana. More instructive is a restatement of the legal principles of sales by the Louisiana Supreme Court in a succession case wherein the nature of a purported sale of corporate stock was at issue. In Succession of Dunham, 408 So.2d 888, 896-897 (La.1981), Justice Calogero wrote for the majority:
La.Civ.Code art. 2456, relating to when a sale is perfected, provides:
The sale is considered to be perfect between the parties, and the property is of right acquired to the purchaser with regard to the seller, as soon as there exists an agreement for the object and for the price thereof, although the object has not yet been delivered, nor the price paid.
Under this provision a sale exists as between the parties when there is agreement as to object and price. The Court of Appeal relied on State ex rel Bulkley v. Whited & Wheless, 104 La. 125, 28 So. 922 (1900), in holding that the present agreement effected a completed sale in 1939 when the contract was executed. We think that reliance was well placed.
[[Image here]]
Bulkley was founded upon the premise that there was agreement as to the thing and the price; delivery was not emphasized. This is, of course, consistent with La.Civ.Code art. 2456 which provides that a sale is complete when there is agreement as to the thing and the price “although the object has not yet been delivered, nor the price paid.”
It is well settled that in interpreting contracts, “[w]hen there is anything doubtful in the agreements, we must endeavor to ascertain what was the common intention of the parties, rather than to adhere to the literal sense of the terms.” La.Civ.Code art. 1950; Superi-or Oil Co. v. Cox, 307 So.2d 350 (La.1975); Crow Drilling & Producing Co. v. Hunt, 254 La. 662, 226 So.2d 487 (1969); and Jacka v. Ouachita Parish School Board, 249 La. 223, 186 So.2d 571 (1966).
In view of the above, we hold that the trial court and the Court of Appeal were correct in finding that the intent of the parties was to effect a sale of the stock, there being a present agreement as to the thing and the price, that Anderson was only retaining a security interest on the property, and the agreement was not merely “an agreement to sell.” Furthermore, the substance of the agreement negates the contention that the agreement was a conditional sale with title to the property remaining in the seller until the whole price was paid.
Even if we were to assume, for purposes of argument, that the agreement was in fact a conditional sale, under Louisiana law it would nevertheless be treated as a credit sale in which ownership of the object of the sale passes at the time *840 the contract is entered into. In re Wallace Lincoln-Mercury, Inc., 469 F.2d 396 (5th Cir.1972); Roy O. Martin Lumber Co. v. Sinclair, 220 La. 226, 56 So.2d 240 (1951); Givens v. Southern Farm Bureau Casualty Insurance Co., 197 So.2d 380 (La.App. 2d Cir.1967), writs refused, 250 La. 902, 199 So.2d 916 (1967); Claude Neon Federal Co. v. Angell, 153 So. 581 (La.App. 2d Cir.1934).
The law in this area was precisely and succinctly articulated in In re Wallace Lincoln-Mercury, Inc., supra, at 402:
[Ujnder Louisiana law, a conditional sale whereby title is retained in the vendor is legally impossible, so the courts respect the contract but ignore the provision retaining title in the vendor. Morelock v. Morgan & Bird Gravel Co., 174 La. 658, 677, 141 So. 368, 374 (1932). By operation of the law of Louisiana title passes to the purchaser but the vendor retains the vendor’s privilege provided by Louisiana Civil Code article 3227. Tangipahoa Bank & Trust Co. v. Kent, 5 Cir., 1934, 70 F.2d 139, 141; Cristina Inv. Corp. v. Gulf Ice Co., 55 So.2d 685, 687 (1 Cir.La.App.1951).
Therefore, even if we were to find that the parties had attempted to contract a conditional sale, the retention of title provision would be disregarded and the contract would be interpreted as passing title to the vendee at the time the contract was entered, and the vendor would be held to have retained only a security interest in the property.
Although the result in the trial court in the case sub judice and the end result in Succession of Dunham were the same — a completed contract of sale — , the means of achieving the results differed considerably. In Dunham the trier of fact made numerous factual determinations concerning the intent of the parties and the existence and nature of the security interest in the property. In the instant case the trial court’s errors prevented the jury from making the necessary factual determinations.
Accordingly, we vacate the judgments in favor of State Farm rendered pursuant to the jury verdict.
THE MERITS
To decide the insurance coverage question, this Court must decide who owned the van on the day of the accident, March 28, 1984.
State Farm denied coverage to Mr. Turner on the ground that its policy did not insure the Ford van he was driving at the time of the accident. The basis for its position is that the van was sold to Mr. Turner some time during 1983, so that on the day of the accident in 1984, the owner of the van was Mr. Turner, and not Mr. Brady, the named insured under the State Farm policy.
The facts on the issue of an oral contract of sale come solely from Mr. Brady (in court and by affidavit) and from Mr. Turner (by deposition and by affidavit). There is no documentation in the record to support State Farm’s contention that a sale did take place: no bill of sale dated prior to the accident; no chattel mortgage given by Mr. Turner to Mr. Brady to secure payment of the purchase price; no receipts for payments kept by either the buyer or the seller; no accounting records of Mr. Brady reflecting a tabulation of the purported debt to him. To the contrary, all of the documentation supports the conclusion that Mr. Brady did not divest himself of ownership of the van until after the accident: on March 28, 1984, the van was registered to Mr. Brady pursuant to the Vehicle Certificate of Title Law, LSA-R.S. 32:701, et seq; the State Farm policy dated November 23, 1983, was issued to Mr. Brady and paid for by him; the title certificate remained in Mr. Brady’s possession until Mr. Turner paid the entire purchase price in April or May, one or two months after the accident.
The testimony of Mr. Brady is self-serving and of questionable credibility. At the trial he was first called to the stand by the plaintiffs for cross-examination. He testified then that he sold the van to Mr. Turner shortly before December, 1983. Later, during State Farm’s presentation of evi *841 dence, Mr. Brady testified that the sale was probably during May or June of 1983. Finally, Mr. Brady was thoroughly impeached by his opponents. The witness equivocated about the date when confronted with his contrary affidavit, listing the date as “on or about May 3, 1983,” previously filed in conjunction with a motion for summary judgment. Furthermore, the credibility of Mr. Brady’s in court testimony concerning the date of the purported sale was successfully attacked by the plaintiffs upon their introduction of the deposition of Mr. Turner, who gave a different date of sale.
The only evidence which tends to support a completed sale is the fact that Mr. Turner had possession of the van at the time of the accident. The cases relied upon by appel-lee State Farm all stand for the proposition that Louisiana does not recognize the common law device of a conditional sale whereby the seller retains title but the buyer gains possession of the movable. The underlying rationale of the jurisprudence is to protect innocent third parties in their dealings with non-owners in possession. But in the instant case there is no dispute that Mr. Turner secured delivery of the van long before any of the dates of the alleged sale suggested by either the buyer or the seller. Mr. Brady provided Mr. Turner with the van while he was employed by Mr. Brady, and that employment lasted approximately four years. Mr. Brady supplied insurance, gas, oil, and tires for the van. The record does not reflect that there was any change in the relationship between the van, Mr. Turner, Mr. Brady or State Farm after the date(s) of the alleged sale, as State Farm contends. Sherman v. State Farm Mutual Automobile Ins. Co., 413 So.2d 644 (La. App. 1st Cir.), writ denied, 414 So.2d 776 (La.1982).
An oral contract of sale of a movable for a price in excess of $500.00 must be proved by at least one witness and other corroborating circumstances. LSA-C.C. art. 1846. State Farm has failed to prove that an oral contract of sale of the van existed between Mr. Brady and Mr. Turner prior to the accident.
With the seller’s testimony as to the date of sale being contradicted by the only other witness to the sale, the buyer, and with the relevancy of the delivery being diminished by prior possession of the movable, the proof in the instant case does not meet the codal standard.
Accordingly, we hold that State Farm has not carried its burden of proving that a sale took place.[4] Since the policy had not lapsed on the date of the accident, and since the defendant Turner was driving the van with the permission of the named insured, Mr. Turner was not an uninsured or underinsured motorist. Mr. and Mrs. Va-racalle and Metropolitan are entitled to judgments against State Farm.
DAMAGES
Having reversed the judgment of the trial court exonerating State Farm from liability, we must now turn to that portion of the fact finding process which assessed damages. There was no trial court error which related to the issue of damages; thus, in this regard the jury verdict is not tainted. Accordingly, our review of the jury’s award of damages is made pursuant to the manifest error rule. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). See Schwamb v. Delta Air Lines, Inc., 516 So.2d 452 (La.App. 1st Cir.1987), writ denied, 520 So.2d 750 (La.1988).
The jury awarded Mr. Varacalle general and special damages in the amount of $10,-000, and Mrs. Varacalle general and special damages in the amount of $35,000. Additionally, the verdict provided for exemplary damages of $10,000 for each plaintiff. Thus, the award totals $65,000, an amount *842 within the limits ($50,000 per person; $100,-000 per accident) of the State Farm policy.
Our review of the record discloses no error in the finding that plaintiffs’ injuries resulted from the accident, nor do we find that the jury abused its broad discretion in the amount of damages awarded.[5] Furthermore, it is now well established that an insurer is solidarily liable with its insured for exemplary damages awarded pursuant to LSA-C.C. art. 2315.4. Falgout v. Wilson, 531 So.2d 492 (La.App. 1st Cir.), writ denied, 532 So.2d 154 (La.1988).
Accordingly, the judgment of the trial court is amended to dismiss the plaintiffs’ claims against Metropolitan and to east State Farm liable in solido with Mr. Turner for the damages awarded to the plaintiffs and for all costs on the trial level. Judgment is rendered in favor of Metropolitan and against State Farm for the amount of the intervention, $1,108.17.
JUDGMENT REVERSED IN PART AND RENDERED.

. The absence of fault on the part of Mr. Vara-calle, the driver of the plaintiffs' vehicle, was not seriously contested. Accordingly, the trial judge, without objection, omitted the question of comparative fault from his jury instructions and the interrogatories. We do not reach this issue on appeal.

. The pertinent instruction is as follows:
Another question which requires your consideration is whether the vehicle was sold by Mr. Brady to Mr.. Turner. You should apply the following statements of law. The contract of sale is an agreement by which one gives a thing for a price in current money and the other gives the price in order to have the thing itself. Three circumstances concur to the perfection of the contract, to-wit: the thing sold, the price and the consent. A verbal sale of movables is valid. A sale is considered to be perfect between the parties and the property is of right acquired to the purchase [sic] with regard to the seller as soon as there exists an agreement for the object and for the price thereof, although the object has not yet been delivered, nor the price paid. The registration of sales of motor vehicles under the Vehicle Certificate of Title Law is an administrative proceeding which does not bear any essential relationship to the contracts of sale of motor vehicles. Consequently, the failure to comply with the administrative regulations prescribed by the statute with respect to the sale of motor vehicles does not invalidate sales consummated under our Civil Code. Where an act of sale of motor vehicles consummated in Louisiana stipulates that the title will not pass until the price has been paid, that condition is without effect and title passes subject to the seller's vendor’s lien and chattel mortgage, if any, securing the deferred part of the purchase price.

. Plaintiffs' requested charges were as follows:
The sale of an object may be made purely and simply or under a condition that is either suspensive or resolutive. La.Civil Code Art. 2457.
A Sale made with a suspensive condition does not transfer the property to the buyer until the fulfillment of the condition. La.Civil Code Art. 2471.
A conditional obligation is one dependent upon an uncertain event. If the obligation may not be enforced until the uncertain event occurs, the condition is suspensive. La.Civil Code Art. 1767.
A complete title of ownership does not pass to a purchaser at a cash sale until the purchaser has paid the purchase price. Packard Florida Motors Co. v. Malone, 208 La. 1058, 24 So.2d 75 (1945). La.Civil Code Art. 2452.

. The parties engaged in debate on appeal as to which one of them had the burden of proof. State Farm contended that the plaintiffs had not satisfied their burden of proving an essential element of their case, specifically ownership of the van by the named insured. This argument is untenable. The burden of proof is first with the plaintiff, but when he establishes a prima facie case, the burden shifts. The insurer who asserts that there is no coverage because of a prior sale of the vehicle bears the burden of proving the contract of sale. Sherman v. State Farm Mutual Automobile Ins. Co., supra.

. It is arguable that the issue of quantum is now moot because today's decision relieves appellee Metropolitan of liability for the accident. Ap-pellee Metropolitan answered the appeal, raising the issue of damages; appellee State Farm did not. However, to prevent any misunderstanding of this opinion by the litigants, we have reviewed all of the evidence on both compensatory and exemplary damages.