BROWN, Judge.
In 1983 the State of Louisiana expropriated a long strip of property in Franklin Parish for the purpose of widening Louisiana Highway 15. In a previous appeal, this court affirmed the value set by the trial court for the property taken but reversed the amount set for attorney fees. Department of Transportation & Development v. Williamson, 557 So.2d 731 (La. App.2d Cir.1990). We remanded the case to the trial court for the purpose of conducting an evidentiary hearing to determine a reasonable attorney fee award.
After receiving evidence on remand, the trial court found that a reasonable attorney fee was 20 percent of the excess recovery which amounted to approximately $375,000. The trial court assessed costs to the Department of Transportation and Development (DOTD) to include expert witness fees for two attorneys who testified at the evidentiary hearing. We are again constrained to reverse the attorney fee award as excessive and to reduce the expert witness costs assessed by the trial court.
This expropriation case involved a long, narrow strip of land formerly a railroad right-of-way in the middle of Winnsboro. On May 27, 1983 the State filed a petition to expropriate the property naming as defendants the Missouri Pacific Railroad Company and other unknown owners. On that same day, an order of expropriation was signed and filed. Pursuant to that order, the State paid into the registry of the court funds to compensate the owners for the value of the land taken. The railroad abandoned its claim to the right-of-way and several individuals came forth claiming ownership. The owners of the property were determined to be defendants, Nell Carter Ramage Williamson, Rowena P. Ramage, Charles L. Ramage, Julian H. Adams and Charles Ramage Adams. To simplify the litigation, these individuals created inter vivos trusts naming themselves as beneficiaries and assigning to the trusts all their rights, title and interest in the disputed property. The trustees were then substituted as defendants.
At the initial trial the court valued the property at significantly more than was deposited in the registry of the court and then granted attorney fees of 25 percent of the excess award plus interest which amounted to approximately $400,000.
On appeal, this court found that the property valuations were not manifestly erroneous; however, we held that the trial court had abused its discretion in its award of attorney fees. Since the record contained no evidence specifically relating to the amount of effort expended, the amount of time involved, or any other evidence from which we could determine, on review, the reasonableness of the attorney fee award, we remanded to the trial court for the limited purpose of permitting evidence to support a reasonable attorney fee award.
On remand, Samuel Singer, an attorney called on behalf of defendants as an expert witness, testified that he was experienced in expropriation cases and was very familiar with the instant case. Further, Singer stated he had carefully reviewed the decision of this court in formulating his opinion as to a reasonable fee.
Singer testified that the normal fee charged by an attorney in that area in expropriation cases was one-third of the difference between the deposited funds and the ultimate verdict. Singer understood, however, that the maximum fee the court could award was 25 percent and believed that would be a reasonable amount. Singer examined the attorneys’ time records which showed a total of approximately 500 hours. Singer testified that the top hourly rate in Winnsboro for experienced attorneys would be $100-$150 per hour.
*616 Thomas Cooper, an attorney, also testified on behalf of defendants. Cooper stated that he had been involved in expropriation cases and was familiar with the instant litigation. Cooper met with the defendants’ attorneys and reviewed their files. Cooper normally charged one-third of the amount awarded above the excess of the initial deposit. Cooper testified that a 25 percent or a $400,000 award was not unconscionable.
At the conclusion, the trial court set attorney fees in the amount of 20 percent of the difference between the funds deposited by DOTD and the final award which amounted to $1,021,170.50 plus accrued legal interest thereon from the date of taking, May 27, 1983, until paid. Costs of the evidentiary proceeding were assessed to DOTD. Following the judgment, the trial court fixed the expert witness fee for Singer at $2,150 and Cooper at $1,980. These fees were taxed as costs.
A prevailing party in litigation is not entitled to attorney fees unless authorized by statute or contract. Department of Transportation & Development v. Williamson, supra and State, Department of Transportation & Development v. Tynes, 433 So.2d 809 (La.App. 1st Cir.1983), writ denied, 437 So.2d 1153 (La.1983). In expropriation cases, at the time of this litigation, LSA-R.S. 48:453(E) provided the statutory authority for the award of attorney fees.
Reasonable attorney fees may be awarded by the court if the amount of the compensation deposited in the registry of the court is less than the amount of compensation awarded in the judgment. Such attorney fees in no event shall exceed 25% of the difference between the award and the amount deposited in the registry of the court.
The defendants are clearly entitled to an award of attorney fees. The statute, however, does not mandate 25 percent. Its provisions are permissive and provide for a reasonable fee not to exceed 25 percent. In making the award of attorney fees, the trial court is vested with considerable discretion and the award will not be disturbed in the absence of a clear abuse of that discretion. Department of Transportation & Development v. Williamson, supra; State, Department of Transportation & Development v. Jacob, 491 So.2d 138 (La.App. 3d Cir.1986), writ denied, 496 So.2d 331 (La.1986); State, Department of Transportation & Development v. Tynes, supra, and State, Department of Transportation, Etc. v. Frabbiele, 391 So.2d 1364 (La.App. 4th Cir.1980).
Although the trial court is granted statutory authority pursuant to LSA-R.S. 48:453(E) to make a reasonable attorney fee award, such awards are still subject to review and control by the courts. It is the duty of the reviewing court to determine if an attorney fee award is reasonable and not an abuse of the trial court’s discretion. Department of Transportation & Development v. Williamson, supra and State, Department of Transportation & Development v. Tynes, supra.
As set forth by this court in Williamson, factors to be taken into consideration in determining the reasonableness of attorney fees include: (1) the ultimate result obtained; (2) the responsibility incurred; (3) importance of the litigation; (4) amount of money involved; (5) extent and character of the work performed; (6) legal knowledge, attainment and skill of the attorney; (7) number of appearances made; (8) intricacies of the facts involved; (9) diligence and skill of counsel; and (10) the court’s own knowledge. See also State, Department of Transportation & Development v. Jacob, supra; State, Department of Transportation & Development v. Tynes, supra, and State v. Ransome, 392 So.2d 490 (La.App. 1st Cir.1980).
In brief, plaintiff notes that the total amount of time spent by defendants’ three attorneys was 456.75 hours and considering the award of $375,135.99, the hourly rate would equal $821 per hour. While plaintiff recognizes that there are cases where a fee of 25 percent was upheld, it argues that a close inspection of those cases shows that there were several substantial or relatively complex issues such as severance damages or economic *617 loss. In this case there was only a single issue before the trial court concerning the value of the property. Plaintiff contends that this case presented the simplest and most basic type of expropriation.
Based upon our review of the record and having given appropriate consideration to the critical factors, we find that the award in the amount of 20 percent is excessive and should be reduced. The trial consisted only of the single issue of value. Aside from a few pre-trial and post-trial appearances, the trial of both ownership and value of the property took only four days. We find that the highest attorney fee award in this case would be $150 per hour for 456.75 hours and thus the judgment will be reduced to $68,512.50.[1]
Plaintiff also argues that the trial court allowed, over objection, the testimony of two attorneys as experts to express their opinions as to what would be a reasonable fee in this case. The basis for plaintiff’s objection was that such a factual and legal determination was solely within the province and discretion of the trial court.
It is well-settled that the determination of the reasonableness of an attorney fee award is exclusively the prerogative of the trial court. It has been recognized, however, that expert testimony may be used as a guide although it is not controlling. State, Department of Transportation & Development v. Clark, 548 So.2d 365 (La. App. 2d Cir.1989), writ denied, 552 So.2d 395 (La.1989); James, Robinson, Felts & Starnes v. Powell, 303 So.2d 229 (La.App. 2d Cir.1974); Babineaux v. Black, 396 So.2d 584 (La.App. 3d Cir.1981), and Sokol v. Bob McKinnon Chevrolet, Inc., 307 So.2d 404 (La.App. 4th Cir.1975).
Further, LSA-R.S. 13:3738 provides that: In any claim for attorney fees, whether by main, incidental demand, or rule nisi, or otherwise, the court shall allow the introduction of all admissible evidence, in accordance with law, including real and documentary evidence and testimony, and shall allow oral and written argument in support thereof, and such evidence, testimony and argument shall be considered by the court in rendering judgment on the demand.
We interpret this statute to authorize the use of expert testimony as an aid to the trial court in formulating the reasonableness of an attorney fee.
Plaintiff further argues that pursuant to the holding of the Supreme Court in Roy O. Martin Lumber Company v. Sinclair, 220 La. 226, 56 So.2d 240 (1951), attorneys are not entitled to an expert witness fee when testifying about the value of legal services. In that case, the Supreme Court disallowed an expert witness fee to attorneys who had testified as to the value of legal services rendered by appellee’s counsel. The Supreme Court held that attorneys are officers of the court and as such, they were not entitled to an expert witness fee when present in court and called to testify as to the value of services rendered by another attorney. See also Williams v. Fire Association of Philadelphia, 193 So. 202 (La. App. 2d Cir.1939) and Nugent v. Downs, 230 So.2d 597 (La.App. 3d Cir.1970).
In Pittman and Matheny v. Davidge, 189 So.2d 706 (La.App. 1st Cir.1966), writs refused, 249 La. 768, 191 So.2d 143 (La. 1966) and 249 La. 771, 193 So.2d 144 (La. 1966), the First Circuit, however, upheld and increased an award of expert witness fees made to attorneys who testified as to the value of professional services rendered relying on LSA-R.S. 13:3666. The Fourth Circuit has also upheld an award of expert witness fees to an attorney who testified as to the reasonableness of a legal fee. See Bagert v. Goldsmith, 504 So.2d 648 (La. App. 4th Cir.1987), writs denied, 508 So.2d 74 (La.1987) and 508 So.2d 76 (La.1987).
LSA-R.S. 13:3666(A) provides as follows: Witnesses called to testify in court only to an opinion founded on special study or experience in any branch of science, or to make scientific or professional examinations, and to state the results thereof, *618 shall receive additional compensation, to be fixed by the court, with reference to the value of time employed and the degree of learning or skill required.
After considering the provisions of LSA-R.S. 13:3666 in conjunction with LSA-R.S. 13:3738, we find that it is appropriate to award expert witness fees to attorneys who provide opinion testimony for the benefit of the court. As noted above, LSA-R.S. 13:3738 authorizes the proof of attorney fees by means of any admissible evidence, including testimony. LSA-R.S. 13:3666 provides for the payment of reasonable compensation to expert witnesses. That statute does not prohibit the payment of an expert witness fee to an attorney who has testified as an expert and since such testimony is admissible to prove a claim for legal fees, we see no reasonable justification for disallowing an expert witness fee.
We acknowledge that the Supreme Court has previously reached a contrary result in Roy O. Martin Lumber Company v. Sinclair, supra, a decision rendered 40 years ago; however, the Martin decision was not later followed by the First and Fourth circuits in Bagert v. Goldsmith, supra, and Pittman and Matheny v. Davidge, supra. LSA-R.S. 13:3738 was enacted by the legislature in 1977 and it appears that the Supreme Court has not addressed this particular issue since passage of that statute. We believe that LSA-R.S. 13:3738 legislatively overrules the Martin decision and its progeny. In order to allow attorneys the realistic opportunity to use expert testimony to establish the value of their services in accordance with LSA-R.S. 13:3738, the court must be empowered to award reasonable expert witness fees.
Finally, plaintiff notes that there was no mention of expert witness fees in the trial court’s oral ruling nor did the written judgment make any mention of such fees. Subsequently, by ex parte motion and order, the trial court signed a judgment allowing expert witness fees and setting the amount of those fees. Plaintiff contends that the method of making this award was improper as the ex parte order had the net effect of changing the substance of the final judgment contrary to LSA-C.C.P. Art. 1951 and alternatively, if proper, the fees awarded were excessive. Plaintiff argues that the proper procedure would have been for defendants to apply for a new trial.
LSA-R.S. 13:3666(B) provides that the court shall determine the amount of the fees of expert witnesses which are to be taxed as costs to be paid by the party cast in judgment either; (1) from the testimony adduced upon the trial of the cause, the court shall determine the amount thereof and include same or, (2) by rule to show cause brought by the party in whose favor a judgment is rendered for the purpose of determining the amount of the expert fees, which rule upon being made absolute by the trial court shall form a part of the final judgment in the cause.
As we interpret this statute, a contradictory hearing is not required to fix expert witness fees. The statute specifically authorizes the trial court to fix such fees on its own motion from the testimony adduced at trial. If the court may fix those fees on its own motion then there is no reason why the court may not fix those fees in response to an ex parte motion by one of the parties. The motion filed by defendants did not suggest the amount of the fees and the record discloses that each of the experts testified as to their customary hourly fee, the time spent in preparation and the fee charged for testifying. It appears that the trial court fixed the fee based upon its own observations and testimony presented at trial; therefore, as the trial court had assessed plaintiff with all costs of the proceeding in the final judgment, we find no error with the ex parte fixing of the expert witness fees.
Upon review of the amount of the expert witness fees awarded by the trial court and recognizing the trial court is vested with much discretion in fixing such fees, Pitts v. Bailes, 551 So.2d 1363 (La. App. 3d Cir.1989), writs denied, 553 So.2d 860 (La.1989) and 556 So.2d 1262 (La.1990), we find that the expert witness fees awarded are excessive. Considering the brief time spent at trial testifying and the rela *619 tive simplicity of the issues as there was no dispute as to the reasonableness of the number of hours expended by defendants’ attorneys in pursuing this litigation nor their competency, we find that an award of $500 to each expert witness is appropriate.
DECREE
For these reasons, the judgment of the trial court is hereby AMENDED so as to reduce the attorney’s fee awarded to defendants to the amount of $68,512.50 and the expert witness fees to $500. In all other respects, the judgment is AFFIRMED. Costs of this proceeding are assessed to defendants.
APPLICATION FOR REHEARING
Before MARVIN, HIGHTOWER, VICTORY, BROWN and STEWART, JJ.
Rehearing denied.

. Although many of the 456.75 hours claimed by defendants’ attorneys were on subjects not legitimately attributable to plaintiff, in argument and brief plaintiff conceded its responsibility for all 456.75 hours,